R A U L   M O N T A N O
T-56993 Facility 2-H-Dorm
C.S.P. - Solano State Prison
Post Office Box 4000
Vacaville, California 95696-4000

CALIFORNIA STATE PRISON SOLANO

CALIFORNIA STATE PRISON SOLANO

LEGAL MAIL

LEGAL MAIL

LABEL 107R, OCT 1997

PRIORITY
MAIL
UNITED STATES POSTAL SERVICE TM
www.usps.gov

RECEIVED

AUG 2 5 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

CSP SOLANO
STATE PRISON

United States District Court
Northern District of California
Attn: Office of the Clerk
450 Golden Gate Avenue
San Francisco, California 94102-

"L E G A L   M A I L"

TANO
y 2-H-Dorm
State Prison
4000
for ia 95696-4000



PRIORITY MAIL
UNITED STATES POSTAL SERVICE™
www.usps.gov

LABEL 107R, OCT 1997

CSP SOLANO
STATE PRISON

RECEIVED

AUG 25 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES POSTAGE

02 1L
0004632991
MAILED FROM ZIP CODE 95687

$ 05.20⁰
AUG 22 2008

United States District Court
Northern District of California
Attn: Office of the Clerk
450 Golden Gate Avenue
San Francisco, California 94102-3483

"LEGAL MAIL"

CALIFORNIA STATE PRISON SOLANO

8-21-08

CALIFORNIA STATE PRISON SOLANO

LEGAL MAIL

LEGAL MAIL

LEGAL MAIL

1    PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

2    Name ___Montano_____Raul_____
          (Last)        (First)        (Initial)

3                      T-56993 Facility 2-H-Dorm
     Prisoner Number _____

4    Institutional Address _CSP_- Solano State Prison PO Box 4000

5                      Vacaville, California 95696-4000

6    ═══════════════════════════════════════════════

7                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF CALIFORNIA

8    Raul Montano
     _____
9    (Enter the full name of plaintiff in this action.)

                    vs.                        Case No. _____
10   D.K. SISTO, Warden,                       (To be provided by the clerk of court)
     _____
11   State of California, Department            PETITION FOR A WRIT
                                                OF HABEAS CORPUS
12   of Corrections
     _____
13
                                                E-filing
14   (Enter the full name of respondent(s) or jailor in this action)

15

16   ─────────────────────────────────────────

17              Read Comments Carefully Before Filling In

     When and Where to File

18        You should file in the Northern District if you were convicted and sentenced in one of these

19   counties: Alameda, Contra Costa, Del Norte, Humboldt, Lake, Marin, Mendocino, Monterey, Napa,

20   San Benito, Santa Clara, Santa Cruz, San Francisco, San Mateo and Sonoma. You should also file in

21   this district if you are challenging the manner in which your sentence is being executed, such as loss of

22   good time credits, and you are confined in one of these counties. Habeas L.R. 2254-3(a).

23        If you are challenging your conviction or sentence and you were not convicted and sentenced in

24   one of the above-named fifteen counties, your petition will likely be transferred to the United States

25   District Court for the district in which the state court that convicted and sentenced you is located. If

26   you are challenging the execution of your sentence and you are not in prison in one of these counties,

27   your petition will likely be transferred to the district court for the district that includes the institution

28   where you are confined. Habeas L.R. 2254-3(b).

PET. FOR WRIT OF HAB. CORPUS        - 1 -

1 | <u>Who to Name as Respondent</u>

2      You must name the person in whose actual custody you are. This usually means the Warden or

3 jailor. Do not name the State of California, a city, a county or the superior court of the county in which

4 you are imprisoned or by whom you were convicted and sentenced. These are not proper

5 respondents.

6      If you are not presently in custody pursuant to the state judgment against which you seek relief

7 but may be subject to such custody in the future (e.g., detainers), you must name the person in whose

8 custody you are now <u>and</u> the Attorney General of the state in which the judgment you seek to attack

9 was entered.

10 A. INFORMATION ABOUT YOUR CONVICTION AND SENTENCE

11     1. What sentence are you challenging in this petition?

12        (a)   Name and location of court that imposed sentence (for example; Alameda

13             County Superior Court, Oakland):

14          Alameda County Superior Court, Alameda

15          Court               Location

16        (b)   Case number, if known   141130

17        (c)   Date and terms of sentence   6/10/02  Fifteen years

18        (d)   Are you now in custody serving this term? (Custody means being in jail, on

19             parole or probation, etc.)      Yes XX   No

20             Where?

21             Name of Institution: Solano State Prison, Solano

22             Address: Post Office Box 4000, Vacaille, Ca. 95696

23     2. For what crime were you given this sentence? (If your petition challenges a sentence for

24 more than one crime, list each crime separately using Penal Code numbers if known. If you are

25 challenging more than one sentence, you should file a different petition for each sentence.)

26 Penal Code, §§ 245, 192 (A)

27

28

PET. FOR WRIT OF HAB. CORPUS   - 2 -

3. Did you have any of the following?

    Arraignment:                             Yes __X__    No _____

    Preliminary Hearing:                  Yes __X__    No _____

    Motion to Suppress:                 Yes _____    No __X__

4. How did you plead?

    Guilty _____    Not Guilty _____    Nolo Contendere __X__

    Any other plea (specify) _____

5. If you went to trial, what kind of trial did you have?

    Jury _____    Judge alone _____    Judge alone on a transcript _____

6. Did you testify at your trial?               Yes _____    No __X__

7. Did you have an attorney at the following proceedings:

    (a)    Arraignment                 Yes __X__    No _____

    (b)    Preliminary hearing         Yes __X__    No _____

    (c)    Time of plea                Yes __X__    No _____

    (d)    Trial                      Yes _____    No __NA__

    (e)    Sentencing                Yes __X__    No _____

    (f)    Appeal                   Yes _____    No __NA__

    (g)    Other post-conviction proceeding    Yes _____    No _____

8. Did you appeal your conviction?         Yes _____    No __NA__

    (a)    If you did, to what court(s) did you appeal?

            Court of Appeal               Yes _____    No _____

            Year: _____    Result: _____

            Supreme Court of California    Yes _____    No _____

            Year: _____    Result: _____

            Any other court             Yes _____    No _____

            Year: _____    Result: _____

    (b)    If you appealed, were the grounds the same as those that you are raising in this

1          petition?                          Yes _____    No___N.A.

2       (c)   Was there an opinion?        Yes _____ .  No_____

3       (d)   Did you seek permission to file a late appeal under Rule 31(a)?

4                                               Yes _____   No_____

5              If you did, give the name of the court and the result:

6

7

8  9.  Other than appeals, have you previously filed any petitions, applications or motions with respect to

9  this conviction in any court, state or federal?        Yes __X__   No_____

10  [Note: If you previously filed a petition for a writ of habeas corpus in federal court that

11  challenged the same conviction you are challenging now and if that petition was denied or dismissed

12  with prejudice, you must first file a motion in the United States Court of Appeals for the Ninth Circuit

13  for an order authorizing the district court to consider this petition. You may not file a second or

14  subsequent federal habeas petition without first obtaining such an order from the Ninth Circuit. 28

15  U.S.C. §§ 2244(b).]

16    (a)   If you sought relief in any proceeding other than an appeal, answer the following

17          questions for each proceeding. Attach extra paper if you need more space.

18         I.   Name of Court: California Supreme Court

19            Type of Proceeding: Petition for Writ of Habeas Corpus

20            Grounds raised (Be brief but specific):

21            a. Please see Exhibit A, pp. 7-19

22            b.

23            c.

24            d.

25            Result: Petition denied      Date of Result: 4/18/07

26         II.   Name of Court: _____

27            Type of Proceeding: _____

28            Grounds raised (Be brief but specific):

1       a. _____

2       b. _____

3       c. _____

4       d. _____

5       Result: _____ Date of Result: _____

6    III.   Name of Court: _____

7           Type of Proceeding: _____

8           Grounds raised (Be brief but specific):

9           a. _____

10          b. _____

11          c. _____

12          d. _____

13          Result: _____ Date of Result: _____

14   IV.    Name of Court: _____

15          Type of Proceeding: _____

16          Grounds raised (Be brief but specific):

17          a. _____

18          b. _____

19          c. _____

20          d. _____

21          Result: _____ Date of Result: _____

22   (b)   Is any petition, appeal or other post-conviction proceeding now pending in any court?

23                                              Yes _____    No  X

24         Name and location of court: _____

25   B. GROUNDS FOR RELIEF

26   State briefly every reason that you believe you are being confined unlawfully. Give facts to

27   support each claim. For example, what legal right or privilege were you denied? What happened?

28   Who made the error? Avoid legal arguments with numerous case citations. Attach extra paper if you

1   need more space. Answer the same questions for each claim.

2      [Note: You must present ALL your claims in your first federal habeas petition. Subsequent

3   petitions may be dismissed without review on the merits. 28 U.S.C. §§ 2244(b); McCleskey v. Zant,

4   499 U.S. 467, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991).]

5   Claim One:  Ineffective Assistance of Counsel, prior to and

6   after waiving constitutional right to trial.

7   Supporting Facts:  Defense counsel mislead petitioner to plead

8   guilty without notifying him of the true sentence he

9   would receive.  (Please see Exhibit A, pp. 10-14.)

10

11   Claim Two:  Trial court failed to make adequate inquiry and

12   appoint counsel to represent petitioner regarding his

13   motion to withdraw his plea.
  Supporting Facts:

14   The trial court did not make a proper inquiry regarding

15   petitioner's request to withdraw his plea and failed

16   to appoint counsel to represent his motion to withdraw

17   his plea.  (Please see Exhibit A, pp. 15-19.)
  Claim Three:

18

19   Supporting Facts:

20

21

22

23      If any of these grounds was not previously presented to any other court, state briefly which

24   grounds were not presented and why:

25   All issues of facts and law exhausted to the California

26   Supreme Court.

27

28

1    List, by name and citation only, any cases that you think are close factually to yours so that they

2    are an example of the error you believe occurred in your case. Do not discuss the holding or reasoning

3    of these cases:

4    Strickland v. Washington 466 U.S. 688; Hill v. Lockhart 474

5    U.S. 52; McMann v. Richardson, 397 U.S. 759; 6th & 14th Amend.

6

7    Do you have an attorney for this petition?                    Yes_____    No_X_

8    If you do, give the name and address of your attorney:

9

10    WHEREFORE, petitioner prays that the Court grant petitioner relief to which s/he may be entitled in

11    this proceeding. I verify under penalty of perjury that the foregoing is true and correct.

12

13    Executed on _August 21, 2008_

14            Date                            Signature of Petitioner

15

16

17

18

19

20    (Rev. 6/02)

21

22

23

24

25

26

27

28

PET. FOR WRIT OF HAB. CORPUS        - 7 -

1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF CALIFORNIA
9
10   Raul Montano                   )
                                    )
11                       Plaintiff, )      CASE NO. _____
                                    )
12       vs.                        )      PRISONER'S
                                    )      APPLICATION TO PROCEED
13   D.K. Sisto, Warden,            )      IN FORMA PAUPERIS
                                    )
14                      Defendant.  )
                                    )
15   _____)

16       I,  RAUL MONTANO          , declare, under penalty of perjury that I am the

17   plaintiff in the above entitled case and that the information I offer throughout this application

18   is true and correct. I offer this application in support of my request to proceed without being

19   required to prepay the full amount of fees, costs or give security. I state that because of my

20   poverty I am unable to pay the costs of this action or give security, and that I believe that I am

21   entitled to relief.

22       In support of this application, I provide the following information:

23   1.   Are you presently employed?  Yes ____ No _X_

24   If your answer is "yes," state both your gross and net salary or wages per month, and give the

25   name and address of your employer:

26   Gross: _____ Net: _____

27   Employer: _____

28   _____

1  If the answer is "no," state the date of last employment and the amount of the gross and net

2  salary and wages per month which you received. (If you are imprisoned, specify the last

3  place of employment prior to imprisonment.)

4  No previous employer

5

6

7  2.    Have you received, within the past twelve (12) months, any money from any of the

8  following sources:

9       a.    Business, Profession or              Yes ___ No _X_

10            self employment

11      b.    Income from stocks, bonds,           Yes ___ No _X_

12            or royalties?

13      c.    Rent payments?                       Yes ___ No _X_

14      d.    Pensions, annuities, or              Yes ___ No _X_

15            life insurance payments?

16      e.    Federal or State welfare payments,   Yes ___ No _X_

17            Social Security or other govern-

18            ment source?

19  If the answer is "yes" to any of the above, describe each source of money and state the amount

20  received from each.

21

22

23  3.    Are you married?                         Yes ___ No _X_

24  Spouse's Full Name: _____

25  Spouse's Place of Employment: _____

26  Spouse's Monthly Salary, Wages or Income:

27  Gross $_____ Net $_____

28  4.    a.    List amount you contribute to your spouse's support:$ _____

PRIS. APP. TO PROC. IN FORMA PAUPERIS, Case No._____ - 2 -

1     b.    List the persons other than your spouse who are dependent upon you for

2           support and indicate how much you contribute toward their support. (NOTE:

3           For minor children, list only their initials and ages. DO NOT INCLUDE

4           THEIR NAMES.).

5   _____

6   _____

7   5.    Do you own or are you buying a home?     Yes ___ No X___

8   Estimated Market Value: $_____ Amount of Mortgage: $_____

9   6.    Do you own an automobile?        Yes ___ No X___

10  Make _____ Year _____ Model _____

11  Is it financed? Yes _____ No _____ If so, Total due: $_____

12  Monthly Payment: $ _____

13  7.    Do you have a bank account? Yes ___ No X___ (Do not include account numbers.)

14  Name(s) and address(es) of bank: _____

15  _____

16  Present balance(s): $ _____

17  Do you own any cash? Yes ___ No X___ Amount: $ _____

18  Do you have any other assets? (If "yes," provide a description of each asset and its estimated

19  market value.) Yes ___ No X___

20  _____

21  8.    What are your monthly expenses?

22  Rent: $ __In Prison No expenses__Utilities: __I pay restitution__

23  Food: $ _____ Clothing: _____

24  Charge Accounts:

25  Name of Account       Monthly Payment       Total Owed on This Acct.

26  _____ $ _____ $ _____

27  _____ $ _____ $ _____

28  _____ $ _____ $ _____ 9.  Do

R A U L   M O N T A N O
T-56993 Facility 2-H-Dorm
C.S.P. - Solano State Prison
Post Office Box 4000
Vacaville, California 95696-4000

Petitioner **IN PRO SE**
**RAUL MONTANO**


# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| **RAUL MONTANO,** | ) | **Case No.** |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | PETITION FOR WRIT |
| | ) | OF HABEAS CORPUS |
| **D.K. SISTO, Warden,** | ) | |
| | ) | |
| a person having custody | ) | |
| of petitioner, | ) | [28 U.S.C. § 2254] |
| | ) | |
| Respondent. | ) | |
| | ) | |

**TO:   THE HONORABLE UNITED STATES DISTRICT COURT FOR THE
        NORTHERN DISTRICT OF CALIFORNIA:**

Pursuant to 28 U.S.C. § 2254, the above-named petitioner,
**RAUL MONTANO** (hereinafter "Petitioner"), proceeding without the
appointment of counsel, respectfully petitions this court for
petition for writ of habeas corpus, and by this verified petition,
sets forth the following facts and causes for the issuance of said
writ.

I

Petitioner is unlawfully confined and deprived of his liberty

-1-

by the California Department of Corrections, pursuant to a term of imprisonment unlawfull imposed by the Superior Court of California, Alameda County, in People v. Raul Montano, Superior Court case No. 141130.

II

Petitioner alleges and believes that the judgment of conviction and sentence are invalid and in violation of the Fifth, Sixth, and Fourteenth Amendment of the United States Constitution.

III

All issues raised in this petition have been raised before the California Supreme Court. Specifically, all factual allegations and Constitutional claims have been presented to the state high court in a habeas petition, attached hereto as Exhibit A.

IV

Petitioner has not sought relief from any other Federal Court at any time since the California Supreme Court denied the habeas petition in a notice attached here as Exhibit B.

///

///

///

-2-

## P R Y E R   F O R   R E L I E F

**WHEREFORE,** Petitioner prays that this court:

1.    Take judicial notice of the record in <u>People v. Raul Montano</u>, Superior Court Case No. 141130, and Supreme Court Habeas No. S147142.

2. Issue n order to show cause to the California Department of Corrections, to show cause why Petitioner is not entitled to the relief herein sought.

3. Set the matter for an evidentiary hearing before the Superior Court, County of Alameda, to further develop the record pertaining to Petitioner's claim that he did not receive the effective assistance of counsel.

4. Appoint counsel to represent Petitioner in this proceeding. (Petitioner does not speak, read and/or write English.) And approve investigative funds to locate witnesses and documentary evidence.

5. Order any other appropriate relief as may be deemed in the interest of justice.

Dated:  **August 21, 2008**

                                        Respectfully submitted,

                              by: _____
                                        RAUL MONTANO
                                        PETITIONER IN PRO SE

/ / /

/ / /

/ / /

-3-

## V E R I F I C A T I O N

I am the defendant/petitioner in this habeas action. The foregoing petition for writ of habeas corpus, the memorandum of points and Authorities In Support Thereof, this Verification and exhibits appended thereto, have been translated from English to Spanish by a bilingual inmate and I therefore, verify that the matters stated herein are supported by citations to the record.

All facts alleged in this petition, not otherwise supported by citations to the record are true of my own personal knowledge.

I declare under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct.

This Verification was executed at Solano State Prison, in Vacaville, California.

RAUL MONTANO
Petitioner/Declarant

///

///

///

///

# A R G U M E N T

## Statement of Facts

For the purpose of this petition, Petitioner will rely on the statement of facts set forth in Exhibit A, appended hereto.

## MEMORANDUM OF LAW

I. A PETITION FOR WRIT OF HABEAS CORPUS IS AN APPROPRIATE REMEDY FOR CHALLENGING UNLAWFUL RESTRAINT OF A PRISONER.

Title 28 of the United States Code, section 2254, provides for habeas corpus relief in Federal Court to review the legality of state court criminal proceedings.

The writ of habeas corpus shall not extend to a prisoner unless he is in custody in violation of the Constitution or laws or treatises of the United States. (See, 28 U.S.C. § 2254 et seq.)

All legal issues set forth in this petition for writ of habeas corpus and supporting Memorandum of Law, have been raised and submitted to the California Supreme Court by way of a habeas petition, and relief has been denied as to each issue. (See, Exhibits A & B.) Petitioner now raises these issues, stating violations of Federal Constitutional rights, before the United States District Court, Northern District of California, and states that these claims are now properly before this Court. (See, 28 U.S.C. § 2254; Rose v. Lundy, 455 U.S. 509, 510, 515-516, 520 (1982); O'Sullian v. Boercke., 526 U.S. 838, 839-840 (1999); Duncan v. Henry, 513 U.S. 364, 365-366 (1995); Anderson v. Harless, 459 U.S. 4, 6 (1982).)

-5-

I. FOR THE PURPOSE OF THIS PETITION AND JUDICIAL
   ECONOMY, PETITIONER ADOPTS AND INCORPORATES BY
   REFERENCE AS THOUGH FULLY SET FORTH HEREIN, THE
   MEMORANDUM OF POINTS AND AUTHORITIES SET FORTH IN
   EXHIBIT A.

For the purpose of judicial economy, Petitioner will not

repeat the arguments set forth in Exhibit A, and instead, will

incorporate by reference, those arguments here.

///

///

///

///

## C O N C L U S I O N

Accordingly, for the reasons stated above, Petitioner submits he is entitled to the relief he seeks and as set forth in this petition. If this Court is not so inclined to grant such relief, Petitioner requests an evidentiary hearing be granted.

Dated: August 21, 2008

Respectfully submitted,

by: _____

RAUL MONTANO

Petitioner In Pro Se

/ / /

/ / /

/ / /

/ /

**R A U L   M O N T A N O**
T-56993 Facility 2-H-Dorm
C.S.P. - Solano State Prison
Post Office Box 4000
Vacaville, California 95696-4000

Petitioner **IN PRO SE**
**RAUL MONTANO**


## IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA


| | | |
|---|---|---|
| **RAUL MONTANO,** | ) | **Case No.** |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| **D.K. SISTO, Warden,** | ) | |
| | ) | |
| a person having custody | ) | |
| of petitioner, | ) | |
| | ) | |
| Respondent. | ) | |


**EXHIBITS IN SUPPORT OF PETITION**
**FOR WRIT OF HABEAS CORPUS**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

RAUL MONTANO,                         )          Case No.
                                      )
                    Petitioner,       )
                                      )
vs.                                   )
                                      )
D.K. SISTO, Warden,                   )
                                      )
a person having custody              )
of petitioner,                        )
                                      )
                    Respondent.       )
_____)

PETITION FOR WRIT OF HABEAS CORPUS, BRIEF
AND EXHIBITS IN SUPPORT THEREOF

RAUL MONTANO

T-56993 Facility 2-H-Dorm
C.S.P. - Solano State Prison
Post Office Box 4000
Vacaville, California 95696-4000

Petitioner **IN PRO SE**
**RAUL MONTANO**

R A U L   M O N T A N O
T-56993 Facility 2-H-Dorm
C.S.P. - Solano State Prison
Post Office Box 4000
Vacaville, California 95696-4000

Petitioner **IN PRO SE**
**RAUL MONTANO**

### IN THE UNITED STATES DISTRICT COURT

### FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| **RAUL MONTANO,** | ) | **Case No.** |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| **D.K. SISTO, Warden,** | ) | APPROVED JUDICIL |
| | ) | COUNCIL FORM |
| a person having custody | ) | |
| of petitioner, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Exhibit A


COPY

IN THE SUPREME COURT

FOR THE STATE OF CALIFORNIA

RAUL MONTANO,                    )          Case No.
                                )
                 Petitioner,    )
                                )
vs.                             )
                                )
D.K. SISTO, Warden,             )
                                )
a person having custody        )
of petitioner,                  )
                                )
                 Respondent.    )
_____)


PETITION FOR WRIT OF HABEAS CORPUS, BRIEF
AND EXHIBITS IN SUPPORT THEREOF

_____

                          R A U L   M O N T A N O

                    T-56993 Facility 2-12-224
                    C.S.P. - Solano State Prison
                         Post Office Box 4000
                    Vacaville, California 95696-4000

                    Petitioner **IN PROPRIA PERSONA**

                                   **RAUL MONTANO**

**R A U L   M O N T A N O**
T-56993 Facility 2-12-224
C.S.P. – Solano State Prison
Post Office Box 4000
Vacaville, California 95696-4000

Petitioner **IN PROPRIA PERSONA**
**RAUL MONTANO**


## IN THE SUPREME COURT

## FOR THE STATE OF CALIFORNIA


| | |
|---|---|
| **RAUL MONTANO,** ) | **CASE NO.** |
| ) | |
| Petitioner, ) | [Habeas Case |
| ) | No. FCR 290219] |
| vs. ) | |
| ) | |
| **D.K. SISTO, Warden,** ) | |
| ) | APPROVED JUDICIAL |
| a person having custody ) | COUNCIL FORM |
| of petitioner, ) | |
| ) | |
| Respondent. ) | |
| ) | |

This petition concerns:

[X] A conviction          [ ] Parole

[ ] A sentence            [ ] Credits

[ ] Jail or prison conditions     [ ] Prison discipline

[ ] Other (specify): _____

1. Your name: Raul Montano

2. Where are you incarcerated? Solano State Prison, California State Prison

3. Why are you in custody? [X] Criminal Conviction   [ ] Civil Commitment

Answer subdivisions a. through i. to the best of your ability.

a. State reason for civil commitment or, if criminal conviction, state nature of offense and enhancements (for example, "robbery with use of a deadly weapon").

Voluntary manslaughter and four counts of assault with a deadly weapon.   The

conviction had to do with an auto to auto collision

b. Penal or other code sections: Penal Code, §§ 245 and § 192(A)

c. Name and location of sentencing or committing court: Alameda County Superior Court

d. Case number: 141130

e. Date convicted or committed: May 13, 2002

f. Date sentenced: June 10, 2002

g. Length of sentence: Fifteen years

h. When do you expect to be released? October 16, 2013

i. Were you represented by counsel in the trial court? [X] Yes.   [ ] No. If yes, state the attorney's name and address:

Lawrence S. Ward, 333 Mac Arthur Blvd., Oakland, Ca. 94610

4. What was the LAST plea you entered? (check one)

[ ] Not guilty   [ ] Guilty   [X] Nolo Contendere   [ ] Other: _____

5. If you pleaded not guilty, what kind of trial did you have?

[ ] Jury   [ ] Judge without a jury   [ ] Submitted on transcript   [ ] Awaiting trial

PETITION FOR WRIT OF HABEAS CORPUS

WEST GROUP
Official Publisher

Page two of six

6. GROUNDS FOR RELIEF

**Ground 1:** State briefly the ground on which you base your claim for relief. For example, "the trial court imposed an illegal enhancement." *(If you have additional grounds for relief, use a separate page for each ground. State ground 2 on page four. For additional grounds, make copies of page four and number the additional grounds in order.)*

Please see attached petition, Memorandum of Points and

Authorities

a. Supporting facts:

Tell your story briefly without citing cases or law. If you are challenging the legality of your conviction, describe the facts upon which your conviction is based. *If necessary, attach additional pages.* CAUTION: You must state facts, not conclusions. For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do and how that affected your trial. Failure to allege sufficient facts will result in the denial of your petition. (See *In re Swain* (1949) 34 Cal.2d 300, 304.) A rule of thumb to follow is: *who* did exactly *what* to violate your rights at what time *(when)* or place *(where)*. *(If available, attach declarations, relevant records, transcripts, or other documents supporting your claim.)*

Same as above

b. Supporting cases, rules, or other authority (optional):

*(Briefly discuss, or list by name and citation, the cases or other authorities that you think are relevant to your claim. If necessary, attach an extra page.)*

Same as above

PETITION FOR WRIT OF HABEAS CORPUS

WEST GROUP
Official Publisher

Page three of six

7. **Ground 2 or Ground** _____ (*if applicable*):

Same as above

a. **Supporting facts:**

Same as above

b. **Supporting cases, rules, or other authority:**

Same as above

**PETITION FOR WRIT OF HABEAS CORPUS**    WEST GROUP
Official Publisher    Page four of six

8. Did you appeal from the conviction, sentence, or commitment?    ☐ Yes.  ☒ No.    If yes, give the following information:
   a. Name of court ("Court of Appeal" or "Appellate Dept. of Superior Court"):

   _____

   b. Result: _____        c. Date of decision: _____

   d. Case number or citation of opinion, if known: _____

   e. Issues raised:  (1) _____

      (2) _____

      (3) _____

   f. Were you represented by counsel on appeal?    ☐ Yes.  ☐ No.  If yes, state the attorney's name and address, if known:

   _____

9. Did you seek review in the California Supreme Court?  ☐ Yes.  ☐ No.    If yes, give the following information:

   a. Result: _____        b. Date of decision: _____

   c. Case number or citation of opinion, if known: _____

   d. Issues raised:  (1) _____

      (2) _____

      (3) _____

10. If your petition makes a claim regarding your conviction, sentence, or commitment that you or your attorney did not make on appeal, explain why the claim was not made on appeal:

   _____

   _____

11. Administrative Review:

   a. If your petition concerns conditions of confinement or other claims for which there are administrative remedies, failure to exhaust administrative remedies may result in the denial of your petition, even if it is otherwise meritorious. (See *In re Muszalski* (1975) 52 Cal.App.3d 500 [125 Cal.Rptr. 286].) Explain what administrative review you sought or explain why you did not seek such review:

   _____

   _____

   _____

   _____

   _____

   _____

   _____

   _____

   _____

   b. Did you seek the highest level of administrative review available?    ☐ Yes.    ☐ No.
      *Attach documents that show you have exhausted your administrative remedies.*

12. Other than direct appeal, have you filed any other petitions, applications, or motions with respect to this conviction, commitment, or issue in any court?  ☒ Yes. If yes, continue with number 13.  ☐ No. If no, skip to number 15.

13. a. (1) Name of court: _____Alameda-Superior Court_____

    (2) Nature of proceeding (for example, "habeas corpus petition"): _____Habeas Corpus Petition_____

    (3) Issues raised: (a) _____Please see Exhibit A_____

        (b) _____

    (4) Result *(Attach order or explain why unavailable)*: _____Denied (See Exhibit B.)_____

    (5) Date of decision: _____

  b. (1) Name of court: _____

    (2) Nature of proceeding: _____

    (3) Issues raised: (a) _____

        (b) _____

    (4) Result *(Attach order or explain why unavailable)*: _____

    (5) Date of decision: _____

  c. *For additional prior petitions, applications, or motions, provide the same information on a separate page.*

14. If any of the courts listed in number 13 held a hearing, state name of court, date of hearing, nature of hearing, and result:

_____

_____

15. Explain any delay in the discovery of the claimed grounds for relief and in raising the claims in this petition. (See *In re Swain* (1949) 34 Cal.2d 300, 304.)

_____Please see Declaration of Raul Montano, In Support, pp. 4-6.)_____

16. Are you presently represented by counsel?  ☐ Yes.  ☒ No. If yes, state the attorney's name and address, if known:

_____

17. Do you have any petition, appeal, or other matter pending in any court?  ☐ Yes.  ☒ No. If yes, explain:

_____

18. If this petition might lawfully have been made to a lower court, state the circumstances justifying an application to this court:

_____

I, the undersigned, say: I am the petitioner in this action. I declare under penalty of perjury under the laws of the State of California that the foregoing allegations and statements are true and correct, except as to matters that are stated on my information and belief, and as to those matters, I believe them to be true.

Date: _____September 27, 2006_____

                          ▶ _____
                                 (SIGNATURE OF PETITIONER)

**R A U L   M O N T A N O**
K-56993 Facility 2-12-224
C.S.P. - Solano State Prison
Post Office Box 4000
Vacaville, California 95696-4000

Petitioner **IN PROPRIA PERSONA**
**RAUL MONTANO**


## IN THE SUPREME COURT

## FOR THE STATE OF CALIFORNIA


| | | |
|---|---|---|
| **RAUL MONTANO,** | ) | Case No. |
| | ) | |
| Petitioner, | ) | [Habeas Case |
| | ) | No. FCR 209219] |
| vs. | ) | |
| | ) | |
| **D.K. SISTO, Warden,** | ) | PETITION FOR WRIT |
| | ) | OF HABEAS CORPUS |
| a person having custody | ) | |
| of petitioner, | ) | |
| | ) | [Penal Code, |
| Respondent. | ) | § 1473 et seq.] |

**TO:  THE CHIEF JUSTICE OF THE SUPREME COURT OF THE STATE OF
CALIFORNIA AND ASSOCIATE JUSTICES OF THE SUPREME COURT
OF THE STATE OF CALIFORNIA:**

Petitioner  **RAUL    MONTANO**  (hereinafter  "Petitioner"),

proceeding in this habeas application without the appointment of

counsel, respectfully petitions this Court for a Petition for Wit

of Habeas Corpus and by this verified petition sets forth the

follows facts and causes for the issuance of said writ.

I

Petitioner is unlawfully confined and deprived of his liberty

by the California Department of Corrections, pursuant to a term

-1-

of imprisonment illegally imposed by the Superior Court of California, Alameda County, in People v. Raul Montano, Superior Court Case No. 141130.

## II

On May 13, 2002, on advice by retained counsel, Petitioner entered a no contest plea to one count of voluntary manslaughter, Penal Code, § 192, and four counts of assault with a deadly weapon, Penal Code, § 245.

On June 10, 2002, Petitioner was sentenced to a term of imprisonment of fifteen (15) years. At the sentencing proceedings and prior to the entry of judgment, Petitioner made an oral motion (through the assistance of a Spanish speaking interpreter) to withdraw his plea of no contest. The Honorable Joseph Hurley, Superior Court judge, denied the motion.

Petitioner did not file a notice of appeal.

## III

On July 16, 2003, retained counsel for Petitioner, Jeffery R. Neubarth (hereinafter sometimes "Neubarth"), filed a petition for writ of habeas corpus in the Solano County Superior Court. (See Exhibit A.) On or about August 14, 2003, the Solano County Superior Court transferred said matter to the Alameda County Superior Court. On August 19, 2003, The Honorable Larry J. Goodman, Superior Court Judge, denied the habeas application in a notice attached hereto as Exhibit B. Petitioner did not receive notification of the court's denial until after August 24, 2005. (See Exhibit C.)

///

-2-

IV

Petitioner alleges and believes the judgment of conviction and sentence are invalid and in violation of the Fifth, Sixth and Fourteenth Amendments of the United states Constitution, and article I, §§ 7 and 15 of the California Constitution.

V

The contentions in support of this petition are fully set forth in the accompanying Memorandum of Points and Authorities, the declarations and Exhibits In Support that are incorporated by reference herein. Also incorporated by reference here are the pleadings, reporter's transcripts, and matters of record in Superior Court Case No. 141130. The Honorable Court is asked to take judicial notice (Evidence Code, §§ 425, 459) of the record in the foregoing case.

VI

Habeas corpus is the appropriate remedy for Petitioner's unlawful incarceration. Fundamental constitutional defects amounting to denial of due process "do not become irremediable when a judgment of conviction becomes final, even after affirmance on appeal." (In re Coughlin (1976) 16 Cal.3d 52, 55; see also In re Foss (1974) 10 Cal.3d 910, 916-917.) In this case, Petitioner alleges a violation of his fundamental due process rights and his Sixth Amendment right to competent counsel. Thus, habeas corpus relief is appropriate. In the ordinary case, the habeas corpus petition is initially brought before the Superior Court. (See e.g., People v. Munoz (1984) 157 Cal.App.3d 999, 1017.)

-3-

## VII

The accompanying Memorandum of Points and Authorities and factual allegations contained here, as well as the exhibits and declarations appended to this petition, are herein incorporated.

## VIII

This habeas application is presented to this Supreme Court of California under its original habeas corpus jurisdiction after the Superior Court denied the initial petition on August 19, 2003 (see Exhibit B). As argued below, Petitioner did not become aware of the final judgment of the Superior Court until August 23, 2005. (See Exhibit C.)

## IX

Petitioner has no plain, speedy and adequate remedy at law to obtain legal redress.

///

///

///

///

P R A Y E R   F O R   R E L I E F

**WHEREFORE,** Petitioner respectfully prays that this Court:

1. In accordance with Evidence Code, §§ 452, 459, take judicial notice of the record in People v. Raul Montano, Superior Court Case No. 141130, and all subsequent pleadings submitted to said court.

2. Issue an Order to Show Cause to the California Department of Corrections, to show cause why Petitioner is not entitled to the relief herein sought.

3. Set the matter for an evidentiary hearing before the Superior Court, County of Alameda, to develop the record pertaining to Petitioner's claim that he did not receive the effective assistance of counsel.

4. Appoint counsel to represent Petitioner in this proceeding. (Petitioner does not speak, read and/or write English.) And approval for investigative funds to locate witnesses and documentary evidence.

5. Order any other appropriate relief as may be deemed in the interest of justice.

**Dated:**

Respectfully submitted,

by: _____
RAUL MONTANO
Petitioner In Pro Per

/ / /
/ / /
/ / /

## V E R I F I C A T I O N

I am the defendant/Petitioner in this habeas action. The foregoing Petition for Writ of Habeas Corpus, the Memorandum of Points and Authorities In Support Thereof, this Verificaiton and the declarations appended hereto, have been translated from English to Spanish by a bilingual inmate and I therefore, verify that the matters stated herein are supported by citations to the record.

All facts alleged in this petition, not otherwise supported by citations to the record are true of my own personal knowledge.

I declare under penalty of perjury, under the laws of the State of California that the foregoing is true and correct.

This Verification was executed at Solano State prison, in Vacaville, California.

RAUL MONTANO
Declarant/Petitioner

///
///
///
///

-6-

## CLAIMS FOR RELIEF

Petitioner contends that he received ineffective assistance of trial counsel in violation of his Sixth and Fourteenth Amendment rights. In addition, Petitioner alleges that the trial court violated his due process rights by failing to make a proper inquiry and appointing counsel concerning Petitioner's claim he was not receiving adequate representation.

Specifically, his defense counsel (1) failed to adequately investigate the facts of the case and/or research the applicable law; (2) failed to reasonably investigate the case prior to advising Petitioner to plead guilty; (3) failed to interview available witnesses; (4) failed to make use of the evidence and leads contained in the police report(s) prior to advising Petitioner to plead guilty; (5) failed to interview Petitioner prior to the commencement of proceedings; (6) coerced Petitioner to plead guilty without investigating the facts as alleged by Petitioner, abandoning a meritorious defense; and (7) the trial court failed to make a proper inquiry and appoint counsel when Petitioner informed the court he wanted to replace his attorney and withdraw his guilty plea.

As a result of these errors, Petitioner was denied his constitutional right to the effective assistance of counsel and therefore, did not make a knowing and intelligent waiver of his right to trial prior to entering a plea of no contest. The court also failed to make the proper inquiry and appoint counsel when Petitioner asked to replace his attorney.

///

-7-

## MEMORANDUM OF POINTS AND AUTHORITIES

### A R G U M E N T

### I. AUTHORITY REGARDING WRIT OF HABEAS CORPUS

The Writ of Habeas Corpus is codified at California Penal
Code, § 1473, which provides in part:

> "(a) Every person unlawfully imprisoned or restrained
> of his liberty, under any pretense whatever, may
> prosecute a writ of habeas corpus, to inquire into
> the cause of such imprisonment or restraint.

> "(b) A writ of habeas corpus may be prosecuted for,
> but not limited to, the following reasons:
> "(1) False evidence that is substantially material
> or probative on the issue of guilt or punishment was
> introduced against a person at any hearing or trial
> relating to his incarceration;

> "(d) Nothing in this section shall be construed as
> limiting the grounds for which a writ of habeas corpus
> may be prosecuted or as precluding the use of any
> remedies." (§§ 1473(a), (b)(1) & (d).)

Ordinarily, the purpose of a "writ of habeas corpus" is
to procure one's discharge from custody alleged to be illegal.
(Ex parte Peterson (1939) 14 Cal.2d 82, 92.) Habeas Corpus
proceedings are available o test the validity of a deprivation
of liberty. (Lake v. Cameron (D.C. Cir. 1966) 364 F.2d 657 (cert.
denied) 382 U.S. 963.) The basic purpose of the writ of habeas
corpus is to enable those unlawfully incarcerated to obtain
freedom. (See 28 U.S.C. §§ 2241-2255, 2242; Johnson v. Avery
(1979) 393 U.S. 483.) A writ of habeas corpus is also the most
appropriate proceeding to assert a claim of ineffective assistance
of counsel. (People v. Pope (1979) 23 Cal.3d 412.)

Where the record does not illuminate the basis for the
challenged acts or omissions, a claim of ineffective assistance

-8-

is more appropriately made in a petition for writ of habeas corpus. In habeas corpus proceedings, there is an opportunity in an evidentiary hearing to have trial counsel fully describe his/her reasons for acting or failing to act in the complained of manner. (People v. Pope, supra, 23 Cal.3d at p. 426; see also Penal Code, § 1483-1484; In re Williams (1969) 1 Cal.3d 168.)

## A. Relief On Habeas Corpus.

A habeas corpus petitioner bears the burden of establishing that the judgment under which he is she is restrained is invalid. (People v. Duvall (1995) 9 Cal.4th 464, 474.) To do so, he or she must prove, by a preponderance of the evidence, facts that establish a basis for relief on habeas corpus. (People v. Ledesma (1987) 43 Cal.3d 171, 243.) When the basis of a challenge to the validity of a judgment is constitutionally ineffective assistance by trial counsel, the petitioner must establish either: (1) As a result of counsel's performance, the prosecution's case was not subjected to meaningful adversarial testing, in which case there is a presumption that the result is unreliable and prejudice need not be affirmatively shown (United States v. Cronic (1984) 466 U.S. 648, 658-659; In re Avena (1996) 12 Cal.4th 694, 726-727); or (2) counsel's performance fell below an objective standard of reasonableness under prevailing professional norms, and there is a reasonable probability that, but for counsel's unprofessional errors and/or omissions, the trial would have resulted in a more favorable outcome. (Strickland v. Washington (1984) 466 U.S. 668, 690-691; In re Avena, supra, 12 Cal.4th

-9-

at p. 721.) "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." (Strickland v. Washington, supra, 466 U.S. at p. 686.)

As will be demonstrated below, defense counsel in this case, failed to provide the effective assistance of counsel under the standards enunciated above, and, prejudiced Petitioner's case to the point "that the trial cannot be relied on as having produced a just result." (Strickland v. Washington, supra, 466 U.S. at p. 686.)

## II. PETITIONER'S CONVICTION MUST BE SET ASIDE BECAUSE OF INEFFECTIVE ASSISTANCE OF COUNSEL PRIOR TO AND AFTER WAIVING HIS CONSTITUTIONAL RIGHT TO A TRIAL.

Prominent among the rights guaranteed to a criminal defendant is the right to a fair trial. That fundamental right, guaranteed by the Due Process Clause, found in both the Fifth and Fourteenth Amendments to the United States Constitution, is defined, largely, by the provisions of the Sixth Amendment to the United States Constitution. The Sixth Amendment, in a single sentence, states:

"In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and District wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the **assistance** **of** **counsel** for his defence." (Emphasis added.)

"Thus, a fair trial is one in which evidence subject to

-10-

adversarial testing is presented to an impartial tribunal for resolution of issues defined in advance of the proceeding." (Strickland v. Washington, supra, 466 U.S. 688, 685.)

In People v. Pope, supra, the Supreme Court held that counsel's failings compel reversal if they result in the "withdrawal of a potentially meritorious defense." (23 Cal.3d at 425.) It is also well settled that where ineffective assistance of counsel results in the defendant's decision to plead guilty, the defendant has suffered a constitutional violation giving rise to a claim for relief from the guilty plea. (See e.g., Hill v. Lockhart (1985) 474 U.S. 52, 56-60; see also McMann v. Richardson (1970) 397 U.S. 759, 771.)

As the state and federal courts have found, the pleading -- and plea bargaining -- stage of a criminal proceeding is a critical stage in the criminal process at which a defendant is entitled to the effective assistance of counsel guaranteed by the federal and California Constitutions. (Hill v. Lockhart, supra, 474 U.S. at 56.)

In Hill, the United States Supreme Court applied the criteria for assessing ineffective assistance of counsel, set forth in Strickland v. Washington, supra, to a claim of incompetent advice as to the decision whether to plead guilty. The court held that in order successfully to challenge a guilty plea on the ground of ineffective assistance of counsel, a defendant must establish not only incompetent performance by counsel, but also a reasonable probability that, but for counsel's incompetence, the defendant would not have pleaded guilty and would have insisted on

-11-

proceeding to trial. (474 U.S. at 58-59.)

There can be no doubt whatsoever that Petitioner was entitled to the effective representation of counsel during the time when he decides to change his plea. Here, Petitioner was advised by retained counsel that in exchange for a plea of guilty to the lesser related charge of violating Penal Code section 192, to wit: voluntary manslaughter and admit four counts of Penal Code, section 245, or a plea of no contest to each of those, he would receive a maximum sentence of nine years. (See Declaration of Raul Montano, In Support, [hereinafter "Decl."] p. 2.)

During the change-of-plea proceedings, the interpreter translated Judge Hurley's advisement and was informed when questioned about the fifteen years, that fifteen years was the maximum he could receive, but the nine years would be the ultimate sentence Petitioner would receive when returned to court for sentencing . (See Decl. pp. 2, 3.)

It was not until the sentence proceedings held on June 10, 2002, that Petitioner realized he was not being sentenced to the term he agreed upon with his attorney, Lawrence Ward (hereinafter sometimes "Ward"). At the moment the court advised Petitioner he was being sentenced to fifteen years, Petitioner immediately sought to address the court. The bailiff noticed Petitioner "gesturing for some reason." [RT 9.] The following dialogue appears in the record:

Petitioner: (Through Interpreter) I want to start my case all over again because I see my attorney isn't helping me at

-12-

all.

The Court: That's interesting. What am I supposed to do with that, Mr. Ward?

Mr. Ward: I've done all I could do as far as representing Mr. Montano. The plea that was entered into --

The Court: Do you want me to go forward?

Mr. Ward: I'm asking you to go forward.

The Court: Does Mr. Montano want to say anything else? ¶ Am I supposed to treat that as some motion to withdraw his plea? Is that what he wants?

Petitioner: (Through Interpreter) I'd like to start the case all over again, because I know nothing about the case, and I've been with this lawyer for a long time, and he's never talked to me to see how things are going.

The Court: Mr. Montano, I know that to be an untruthful statement, because you sat in my courtroom for a substantial period of time talking with him with an interpreter. ¶ If you wanted to start anything over, maybe you should at least hope to start that night over. Your lack of remorse is disgusting. ¶ Do you have any legal grounds or anything else you want to say on what I'll treat as a motion to withdraw your plea? ¶ Hearing nothing else, your motion is denied. I'll go forward with the sentence. [RT 9-10.]

As is clearly evident from the record, Petitioner, through the court-appointed interpreter, sought to withdraw his plea of no contest and replace his attorney. Petitioner explained to the court that he did not know anything about the case and

-13-

that Mr. Ward had not explained anything to him.

Petitioner believed he was being sentenced to a term of nine years. Instead, he heard Judge Hurley pronounce the sentence of fifteen years, contrary to his understanding. Indeed, and as averred in the attached declaration, Ward only visited Petitioner at court during the scheduled proceedings. Ward did not visit Petitioner at the county jail facility and when defense counsel did speak with Petitioner, an interpreter was necessary because of the language barrier. Interestingly, each time Ward spoke with Petitioner, he used the court interpreter instead of providing his own. Further evidence that the only time Ward spoke to Petitioner was at court. And during those times, all Ward explained to Petitioner was that if he did not plead guilty, he would go to prison for the rest of his life. (See Decl., p. 3.) Of course, being a native of Mexico and not speaking, reading or understanding English, only complicated matters for Petitioner at the change-of-plea and sentencing hearings.

However, and as the record clearly reflects, instead of asking the court for a recess while he spoke with Petitioner concerning his [Petitioner] reasons for starting the case over [RT 9], Ward simply told the court, "I'm asking you to go forward." [RT 9.] This is not representative of a diligent defense counsel advocating his client's interests. Ward abandoned Petitioner at a crucial stage of the proceedings and rather than investigate the problem, Ward ignored Petitioner's claims and sought to end the matter as expeditiously as possible.

-14-

In the case now before this Court, the record is clear; Petitioner's plea was induced by mistake or ignorance regarding the nature and effect of the plea because defense counsel failed to competently advise Petitioner.

Accordingly, Petitioner did not receive the assistance of counsel guaranteed by the federal and California Constitutions at a critical stage of his proceedings. (See Hill v. Lockhart, supra, 474 U.S. at p. 56.)

### III. THE TRIAL COURT VIOLATED PETITIONER'S DUE PROCESS RIGHTS WHEN IT FAILED TO MAKE AN ADEQUATE INQUIRY AND APPOINT COUNSEL TO REPRESENT PETITIONER REGARDING HIS MOTION TO WITHDRAW HIS PLEA.

As argued above, criminal defendant are entitled to competent representation during each stage of a criminal proceeding. Here, Petitioner's issue is that when he asked to replace his attorney, the trial court was duty bound to make a proper inquiry concerning his attorney. The matter was complicated by the obvious conflict Petitioner was experiencing with Ward and his inability [Petitioner] to speak and understand English. Moreover, Ward could not continue to represent Petitioner to the relief he sought -- motion to withdraw his plea because of ineffective assistance of counsel -- because Ward would be arguing his own ineffectiveness.

The seminal case in California regarding the foregoing legal claim is People v. Marsden (1970) 2 Cal.3d 118, which gave birth to the term of art, a "Marsden motion." In Marsden, the court held that "the decision whether to permit a defendant to discharge

-15-

his appointed counsel and substitute another attorney during the trial is within the discretion of the trial court, and a defendant has no absolute right to more than one appointed attorney." (Id., at p. 123.)

The state high court also established that the trial court **must** give the defendant the opportunity to explain the reasons for desiring a new attorney. (See People v. Marsden, supra, 2 Cal.3d at pp. 123-125.) "[T]he trial court cannot thoughtfully exercise its discretion in this matter without listening to the defendant's reasons for requesting a change of attorneys." (Id., at p. 123.) Accordingly, "When a defendant moves for substitution of appointed counsel, the court must consider any specific examples of counsel's inadequate representation that the defendant wishes to enumerate. Thereafter, substitution is a matter of judicial discretion. Denial of the motion is not an abuse of discretion **unless** the defendant has shown that a failure to replace the appointed attorney would 'substantially impair' the defendant's right to assistance of counsel. [Citations.]" (People v. Webster (1991) 54 Cal.3d 411, 435.)

"It is true that when a defendant claims after trial or guilty plea that defense counsel was ineffective, and seeks substitute counsel to pursue the claim, the original attorney is placed in an awkward position. The attorney must defend against charges from the very client he . . . is supposed to be representing. The potential for conflict is obvious." (People v. Smith (1993) 6 Cal.4th 684, 694.)

The Court in Smith further held that:

-16-

"[U]nless we hold that a defendant may **never** obtain substitute trial counsel, and must instead await whatever appellate or habeas corpus remedy may be available, or that a defendant may obtain substitute counsel on demand -- both of which extremes were rejected in Marsden -- then it is inevitable that counsel will be placed in a conflict position when a defendant requests substitute counsel, whether the request is before or after conviction. The court **must** allow the defendant to express any specific complaints about the attorney and the attorney to respond accordingly. This is one of the reasons that Marsden motions are often, as here, head outside the presence of the prosecutor, where counsel and client may speak more freely." (Id., at p. 694.)

In a footnote, the court observed that "any actual motion to withdraw the plea or for a new trial must, of course, be part of a fully adversarial proceeding. (See People v. Dennis, supra, 177 Cal.App.3d 863.) (Ibid, p. 694, fn. 2.)

As clearly established above, the trial court in this case failed to make a proper inquiry. Indeed, instead of seeking further information from Petitioner, the court asked: "What am I supposed to do with that, Mr. Ward?" [RT 9.] The court's inquiry should have focused on Petitioner and his constitutional right to the competent assistance of counsel. In addition, the court's remarks concerning what took place in his courtroom are of no moment. With all due respect to Judge Hurley, he had no way of knowing what was exchanged between Ward and Petitioner during the times he observed them in his court. No matter how long they were together, that does not equate to the effective representation of counsel to which Petitioner is entitled.

Ward's assertion that "I've done all I could do as far as representing Mr. Montano" is insufficient for the court to "determine whether counsel has been providing competent

-17-

representation." (People v. Smith, supra, at pp. 694-995.)

More to the point, the court failed to make the proper inquiry to conclude whether or not to appoint substitute counsel to represent Petitioner regarding his motion to withdraw his plea. If Judge Hurley would have made the proper inquiry, he would have learned that Petitioner was under the mistaken belief that he would not be sentenced to a term of more than nine years. The court would have further discovered that Petitioner had made several calls and attempts to discuss the case with Ward immediately after his family paid the attorney the funds he requested, to no avail. Also, Petitioner would have informed the court of his desire to proceed to trial if he was not going to be sentenced to the nine years as promised by Ward. (See Decl. pp. 2, 3.)

"A defendant is entitled to competent representation at all times, including presentation of a new trial motion or motion to withdraw a plea." (People v. Smith, supra, 6 Cal.4th, at p. 695.) The Smith court added that "when a defendant satisfies the trial court that adequate grounds exist, substitute counsel should be appointed. Substitute counsel could then investigate a possible motion to withdraw the plea or a motion for new trial based upon alleged ineffective assistance of counsel." (Smith, supra, at pp. 695-696.)

Here, the court failed to make the proper inquiry to determine whether or not a proper showing had been made to substitute counsel. The record proves beyond doubt that Judge Hurley was well aware Petitioner was making a motion to withdraw

-18-

his plea due to Ward's misrepresentation, consequently, the court also failed to dismiss the prosecutor in this case.

It is the very nature of a Marsden motion that the trial court hear the defendant's allegations of ineffective assistance of counsel **outside** the presence of the prosecutor. As is clearly evident from the record, Petitioner was not afforded a hearing, let alone outside the presence of the state. As discussed above, Judge Hurley focused his attention on Ward instead of Petitioner. Moreover, inasmuch as a language barrier existed, the court should have inquired of the interpreter to ensure Petitioner understood his constitutional rights and his need to explain fully the reasons he wanted to start the case over and relieve Ward as defense counsel.

Accordingly, Petitioner is entitled to the effective representation of counsel, which he did not receive in this case. Compounding this violation, the trial court in this case failed to make the proper inquiry to determine whether a substitution of counsel was required. For these reasons, Petitioner's habeas application should be granted and his plea vacated, **unless** he is resentenced to the term of nine years Petitioner originally agreed upon.

///

///

///

-19-

## C O N C L U S I O N

Accordingly, for the foregoing reasons, consistent with these Points and Authorities, this Honorable Court should grant the petition and order Petitioner's plea withdrawn and returned to the Superior Court for a proper hearing. Alternatively, the court should direct the Superior Court to hold an evidentiary hearing to further develop the record and determine whether or not Petitioner's right to counsel were violated during the time he [Petitioner] decided to change his plea.

**Dated:**

Respectfully submitted,

by: _____
RAUL MONTAÑO
Petitioner In Pro Per

///

///

///

///

-20-

**Declaration of**
**Service by Mail**
**[C.C.P. § 2015.5]**

## IN THE SUPREME COURT

### FOR THE STATE OF CALIFORNIA

| | | |
|---|---|---|
| RAUL MONTANO, | ) | Case No. |
| | ) | |
| Petitioner, | ) | [Habeas Case |
| | ) | No. FCR 209219] |
| vs. | ) | |
| | ) | |
| D.K. SISTO Warden, | ) | DECLARATION OF |
| | ) | SERVICE BY MAIL |
| a person having custody | ) | |
| of petitioner, | ) | |
| | ) | [C.C.P. § 2015.5] |
| Respondent. | ) | |

I, **MARCOS ROGELIO JUAREZ,** am a resident of the state of California, county of Solano. I am over the age of 18 years and not a party to the above-entitled matter. My prison address is: Solano State Prison, Post Office Box 4000, Vacaville, California 95696-4000.

On September 27, 2006, I served the foregoing: Petition for Writ of Habeas Corpus, Brief and Exhibits In Support Thereof, on the Respondent named below, by placing a true and correct copy thereof in a sealed envelope with postage fully paid thereon, and delivering said envelope and above-described legal papers to a duly authorized California Corrections Officer, as prescribed and so provided for the deposit of legal mail in the United States Mail at Solano State Prison.

California Attorney General
300 S. Spring Street
Los Angeles, California 90013

I declare under penalty of perjury, under the laws of the state of California, that the foregoing is true and correct, and that this declaration was executed at Solano State Prison, in Vacaville, California.

**MARCOS ROGELIO JUAREZ**
Declarant

///

///

///

**R A U L   M O N T A N O**
T-56993 Facility 2-12-224
C.S.P. – Solano State Prison
Post Office Box 4000
Vacaville, California 945696-4000

Petitioner **IN PROPRIA PERSONA**
**RAUL MONTANO**


### IN THE SUPREME COURT

### FOR THE STATE OF CALIFORNIA


| | |
|---|---|
| **RAUL MONTANO,** ) | **Case No.** |
| ) | |
| Petitioner, ) | [Habeas Case |
| ) | No. FCR 290219] |
| vs. ) | |
| ) | |
| **D.K. SISTO, Warden,** ) | |
| ) | |
| a person having custody ) | |
| of petitioner, ) | |
| ) | |
| Respondent. ) | |


### EXHIBITS IN SUPPORT OF PETITION
### FOR WRIT OF HABEAS CORPUS

**Exhibit A**



# SOLANO COUNTY COURTS
## CRIMINAL DIVISION
### 530 Union Avenue, Suite 200
### Fairfield, CA  94533


Jeffery R. Neubarth
Attorney at Law
LAW OFFICES OF JEFFERY NEUBARTH
1120 North First Street
Fresno, CA  93702

Date: July 16, 2003

RE:        Case No:    **FCR 209219**
           Petition for Writ of Habeas Corpus

Dear Sir:

This letter acknowledges the filing of your petition for Writ of Habeas Corpus, on
behalf of Raul Mortano, signed on June 27, 2003, and filed in this office on July 16,
2003.

The Court will, within 30 days after filing *(unless pursuant to California Rules of Court
4.551(h),  the court on its own motion grants an extension of time)* deny, issue the writ,
or order the respondent to show cause why the relief sought should not be granted.

                        Very truly yours,
                        CHARLES D. RAMEY, Clerk of the Court


                        **N. COMSTOCK**

            By: _____

                        N. Comstock, Deputy Clerk

/nc


Assigned Judge

1

2  Jeffery R. Neubarth, SBN 176212
   LAW OFFICES OF JEFFERY R. NEUBARTH
   1120 North First Street
3  Fresno, CA 93702
   Phone Number: (559) 233-0800

4
   Attorney for Petitioner
5

6                    **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

7                              **COUNTY OF SOLANO**

8
   IN RE RAUL MONTANO,                    )    Case No:
9                                         )
                    Petitioner,           )    **MEMORANDUM IN SUPPORT**
10  vs.                                   )    **OF PETITION FOR A WRIT**
                                          )    **OF HABEAS CORPUS**
11                                        )
                                          )
12

13  Petitioner contends that his conviction should be set aside in the interest of justice for the

14  following reason:

15                              **GROUNDS FOR RELIEF**

16  **CLAIM 1.        PETITIONER'S NO CONTEST PLEA WAS MADE WITHOUT**
                     **EFFECTIVE REPRESENTATION AND PETITIONER'S MOTION TO**
17                   **WITHDRAW HIS NO CONTEST PLEA SHOULD HAVE BEEN**
                     **GRANTED IN THE INTEREST OF JUSTICE**
18
    a.  Supporting Facts:
19
         On May 13, 2002, Mr. Raul Montano entered a no contest plea to one count of Voluntary
20
    Manslaughter (PC 192) and four counts of assault with a deadly weapon (PC192(A)), in front of
21
    the Superior Court of the State of California, County of Alameda.  On June 10, 2002, Mr.
22
    Montano was sentenced to 15 years in prison to be served in Vacaville, California. (S.R. 1.1)
23
         During Sentencing, Mr. Montano made an oral motion (through the assistance of a
24
    Spanish speaking interpreter) to withdraw his plea of no contest, but was denied by the Hon.
25
    Joseph Hurley.  (ST 9:2-5). Mr. Montano went on to explain that he would like to start the case
26
    all over again because he knew nothing about the case, and he had been with this a lawyer for a
27
    long time, and he never talks with him to see how things are going.  The Hon. Joseph Hurley
28
    denied the motion.  (ST 10: 1). As the sentencing was concluding, Mr. Montano's own lawyer,

1   Lawrence Ward, stated, "Your Honor may I just make one statement?" " I would like to take this

2   opportunity, just personally, to say that I feel very sad for the family, and I know that your loss

3   will not be able to get over.    But as the attorney, I had a job to do, and the job has ended. I

4   want to personally say, I'm very sorry." (ST 11: 16-20).

5   b.  Supporting Case Law:

6       The right to counsel includes an effective appointment that permits an adequate

7   representation.  If the representation is in some other way totally inadequate to protect the

8   defendant's rights, a guilty plea entered on advice of counsel is subject to withdrawal.  Hill v

9   Lockhart (1985) 4747 U.S. 52, 58-59, 106 S.Ct. 366, 88 L.ed. 2d 303; People v. Cruz (1974) 12

10  Cal.3d 562, 566 n.5, 116 Cal.Rptr. 242, 526 P.2d 250

11      In *People v. McGarvey* (1943) 61 C.A.2d 557, 142 P.2d 92, defendant a farm laborer with

12  little schooling, was charged in two counts with murder and manslaughter.  On advice of counsel

13  casually introduce and after only a half-hour discussion, defendant pleaded guilty to manslaughter

14  and was sentenced.  Thereafter, with substituted counsel, defendant moved to set aside the

15  judgment and was denied. *Held,* order reversed.  The court rejected the prosecution's contention

16  that withdrawal of a plea entered on advice of counsel should only be allowed on a showing of

17  fraud or other wrongful conduct by public officials.  (61 C.A.2d 562.)

18      Representation by Mr. Montano's counsel was not effective, in that petitioner was not

19  correctly advised by his counsel and there is a reasonable probability that but for counsel's

20  incompetence, Mr. Montano would not have pleaded no contest and would have insisted on

21  proceeding on trial.

22      Here, Mr. Montano's lawyer did not communicate the plea bargain thoroughly so Mr.

23  Montano could understand it.  There always was a communication barrier because Mr. Ward

24  could not speak Spanish and it was difficult for Mr. Montano to understand the plea fully.    It

25  was at the sentencing hearing when Mr. Montano understood the consequences of his plea and

26  immediately made an oral motion to withdraw his no contest plea which was denied.  There was

27  no communication between Mr. Montano and his attorney until fifteen minutes before the change

28  of plea hearing in regards to the plea agreement in which he had to make a decision whether to

- 2 -

1    accept the agreement or not.  Mr. Montano was under the impression that the District Attorney's

2    deal of nine years was still being offered when Mr. Montano was told by his attorney just before

3    Mr. Montano plead that he better take the fifteen year penalty.  This fact, coupled with the fact

4    that Mr. Montano is not a native born English speaker made it even more difficult for Mr.

5    Montano to fully and fairly weigh the benefits and consequences of his plea.

6          In addition, Mr. Montano's lawyer, Lawrence Ward, expressed his sympathy towards the

7    victim's family on the record during the sentencing hearing, which although normally is

8    commendable, as an attorney it not appropriate.  Such conduct jeopardizes the integrity of the

9    tribunal in that the client-attorney relationship should never be compromised despite the nature of

10   the crime.  The attorney's statement strengthens the argument that the withdraw of the plea

11   should have been granted and the ruling set aside.

12         The plea was induced by mistake or ignorance regarding the nature and effect of the plea

13   and should have been withdrawn.  *In re Moser* (1993) 6 Cal.4th 342, 357 24 Cal.Rpr4.2d 723,

14   852 P.2d 723.  It was Mr. Montano's belief that he could have received a lesser sentence.  This

15   fact was not fully clarified to him by his attorney and by his interpreter.

16                                    CONCLUSION

17         After full consideration of the issues raised by this petition, grant the petition, vacate the

18   May 13, 2003 judgment of conviction of the Alameda County Superior Court in case no. 141130;

19   and grant such other and further relief as may seem just under the circumstances.

20

21   Dated: $O6/27/03$

22

23

24                                    LAW OFFICES OF JEFFERY R. NEUBARTH

25

26                                    By Jeffery R. Neubarth
                                      Attorney for Petitioner

27

28

                                          - 3 -

1              Verification

2        Jeffery R. Neubarth declares as follows:

3

4        I am an attorney admitted to practice law in the State of California

5        I make this verification because petitioner is incarcerated at the California State Prison in

6   Vacaville, California, which is outside the county in which my office is located, and because the

7   matters stated in the petition for writ of habeas corpus are more within my knowledge than his.

8        I have read the foregoing petition for writ of habeas corpus, and declare that the contents

9   of the petition are true.

10       I declare under penalty or perjury that the foregoing is true and correct.

11       Executed this 28th day of 2003 at Fresno, California.

12

13                              LAW OFFICES OF JEFFERY R. NEUBARTH

14

15

16                              By Jeffery R. Neubarth
                                Attorney for Petitioner

17

18

19

20

21

22

23

24

25

26

27

28

- 4 -

Name    JEFFERY R. NEUBARTH

    Jeffery R. Neubarth

Address    LAW OFFICES OF JEFFERY R. NEUBARTH

    1120 NORTH FIRST STREET

    FRESNO, CA 93702

CDC or ID Number    T-56993

**MC-275**

COPY

ENDORSED FILED

JUL 1 6 2003

CLERK CHARLES D. RANEY
OF THE SUPERIOR COURT
OF SOLANO COUNTY

By ——— NICKI COMSTOCK
                                   Deputy

SUPERIOR COURT OF STATE OF CALIFORNIA

COUNTY OF SOLANO

_____
*(Court)*

| |
|---|
| IN RE RAUL MONTANO |
| Petitioner |
| VS. |
| Respondent |

**PETITION FOR WRIT OF HABEAS CORPUS**

No. _____

*(To be supplied by the Clerk of the Court)*

## INSTRUCTIONS - READ CAREFULLY

- **If you are challenging an order of commitment or a criminal conviction and are filing this petition in the Superior Court, you should file it in the county that made the order.**

- **If you are challenging the conditions of your confinement and are filing this petition in the Superior Court, you should file it in the county in which you are confined.**

- Read the entire form *before* answering any questions.

- This petition must be clearly handwritten in ink or typed. You should exercise care to make sure all answers are true and correct. Because the petition includes a verification, the making of a statement that you know is false may result in a conviction for perjury.

- Answer all applicable questions in the proper spaces. If you need additional space, add an extra page and indicate that your answer is "continued on additional page."

- If you are filing this petition in the Superior Court, you need file only the original unless local rules require additional copies. Many courts require more copies.

- If you are filing this petition in the Court of Appeal, file the original and four copies.

- If you are filing this petition in the California Supreme Court, file the original and thirteen copies.

- Notify the Clerk of the Court in writing if you change your address after filing your petition.

- In most cases, the law requires service of a copy of the petition on the district attorney, city attorney, or city prosecutor. See Penal Code section 1475 and Government Code section 72193. You may serve the copy by mail.

Approved by the Judicial Council of California for use under Rules 56.5 and 201(h)(1) of the California Rules of Court as amended effective January 1, 1999]. Subsequent amendments to Rule 44(b) may change the number of copies to be furnished the Supreme Court and Court of Appeal.

Form Approved by the
Judicial Council of California
MC-275 [Rev. January 1, 1999]
Optional Form

**PETITION FOR WRIT OF HABEAS CORPUS**

Legal Solutions Plus

Penal Code, § 1473 et seq.,
Cal. Rules of Court, rules 56.5, 201(h)

**This petition concerns:**

    [X] A conviction        [ ] Parole

    [ ] A sentence          [ ] Credits

    [ ] Jail or prison conditions    [ ] Prison discipline

    [ ] Other *(specify)*: _____

1. Your name: RAUL MONTANO

2. Where are you incarcerated? VACAVILLE, CA

3. Why are you in custody?  [X] Criminal Conviction  [ ] Civil Commitment

*Answer subdivisions a. through i. to the best of your ability.*

  a. State reasons for civil commitment or, if criminal conviction, state nature of offense and enhancements (for example, "robbery with use of a deadly weapon").

    VOLUNTARY MANASLAUGHTER AND FOUR COUNTYS OF ASSAULT WITH A DEADLY WEAPON.
    THE CONVICTION HAD TO DO WITH AN AUTO TO AUTO COLLISSION

  b. Penal or other code sections:  PC 245 AND PC 192(A)

  c. Name and location of sentencing or committing court:  SUPERIOR COURT OF CALIFORNIA

    ALAMEDA COUNTY, RENE C. DAVIDSON COURTHOUSE IN OAKLAND, CALIFORNIA

  d. Case number:  141130

  e. Date convicted or committed:  MAY 13, 2002

  f. Date sentenced: JUNE 10, 2002

  g. Length of sentence: 15 YEARS

  h. When do you expect to be released?  10/16/03

  i. Were you represented by counsel in the trial court?  [X] Yes.  [ ] No.  If yes, state the attorney's name and address:

    LAWRENCE S. WARD, ATTORNEY AT LAW, 333 MAC ARTHUR BLVD., OAKLAND, CA

    94610

4. What was the LAST plea you entered? *(check one)*
  [ ] Not guilty  [ ] Guilty  [X] Nolo Contendere  [ ] Other: _____

5. If you pleaded not guilty, what kind of trial did you have?
  [ ] Jury  [ ] Judge without a jury  [ ] Submitted on transcript  [ ] Awaiting trial

6.  GROUNDS FOR RELIEF

**Ground 1:** State briefly the ground on which you base your claim for relief. For example, "the trial court imposed an illegal enhancement." *(If you have additional grounds for relief, use a separate page for each ground. State ground 2 on page four. For additional grounds, make copies of page four and number the additional grounds in order.)*

SEE ATTACHMENT

a.  Supporting facts:

Tell your story briefly without citing cases or law. If you are challenging the legality of your conviction, describe the facts upon which your conviction is based *If necessary, attach additional pages.* CAUTION: You must state facts, not conclusions. For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do and how that affected your trial. Failure to allege sufficient facts will result in the denial of your petition *In (See Swain (1949) 34 Cal.2d 300, 304.)* A rule of thumb to follow is: *who* did exactly *what* to violate your rights at what time *(when)* or place *(where). (If available, attach declarations, relevant records, transcripts, or other documents supporting your claim)*

SEE ATTACHMENT

b.  Supporting cases, rules, or other authority (optional):

*(Briefly discuss, or list by name and citation, the cases or other authorities that you think are relevant to your claim. If necessary, attach an extra page.)*

SEE ATTACHMENT

**PETITION FOR WRIT OF HABEAS CORPUS**

7. **Ground 2 or Ground** _____ *(if applicable)*:

SEE ATTACHMENT _____

_____

_____

_____

a.  Supporting facts:

SEE ATTACHMENT _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

b.  Supporting cases, rules, or other authority:

SEE ATTACHMENT _____

_____

_____

_____

_____

8. Did you appeal from the conviction, sentence, or commitment?    ☐ Yes.  ☒ No.    If yes, give the following information:
   a. Name of court ("Court of Appeal" or "Appellate Dept. of Superior Court"):

   _____

   b. Result: _____    c. Date of decision: _____

   d. Case number or citation of opinion, if known: _____

   e. Issues raised:  (1) _____

   (2) _____

   (3) _____

   f. Were you represented by counsel on appeal?  ☐ Yes.  ☐ No.  If yes, state the attorney's name and address, if known:

   _____

9. Did you seek review in the California Supreme Court?    ☐ Yes.  ☐ No.   If yes, give the following information:

   a  Result: _____    b. Date of decision: _____

   c  Case number or citation of opinion, if known: _____

   d  Issues raised:  (1) _____

   (2) _____

   (3) _____

10. If your petition makes a claim regarding your conviction, sentence, or commitment that you or your attorney did not make on appeal,
    explain why the claim was not made on appeal:

    THE REASON THAT MR. MONTANO DID NOT MAKE AN APPEAL WAS BECAUSE HE DID NOT

    UNDERSTAND THE STATUTE OF LIMITATIONS REGARDING APPEALS.

11. Administrative Review:

    a. If your petition concerns conditions of confinement or other claims for which there are administrative remedies, failure to exhaust
       administrative remedies may result in the denial of your petition, even if it is otherwise meritorious. (See Muszalski (1975)
       52 Cal. App.3d 500 [125 Cal. Rptr. 286].) Explain what administrative review you sought or explain why you did not seek such
       review:

    _____

    _____

    _____

    _____

    _____

    _____

    _____

    _____

    b. Did you seek the highest level of administrative review available?    ☐ Yes.  ☒ No.
       Attach documents that show you have exhausted your administrative remedies.

12. Other than direct appeal, have you filed any other petitions, applications, or motions with respect to this conviction, commitment, or issue in any court?　☐ Yes. If yes, continue with number 13.　☒ No. If no, skip to number 15.

13. a. (1)  Name of court: _____

(2)  Nature of proceeding (for example, "habeas corpus petition"): _____

(3)  Issues raised:   (a) _____

(b) _____

(4)  Result (Attach order or explain why unavailable) _____

(5)  Date of decision: _____

b. (1)  Name of court: _____

(2)  Nature of proceeding: _____

(3)  Issues raised:   (a) _____

(b) _____

(4)  Result (Attach order or explain why unavailable) _____

(5)  Date of decision: _____

c. For additional prior petitions, applications, or motions, provide the same information on a separate page.

14. If any of the courts listed in number 13 held a hearing, state name of court, date of hearing, nature of hearing, and result:

_____

_____

15. Explain any delay in the discovery of the claimed grounds for relief and in raising the claims in this petition. (See In re Swain (1949) 34 Cal.2d 300, 304.)

_____

_____

16. Are you presently represented by counsel?　☒ Yes.　☐ No.　If yes, state the attorney's name and address, if known:

<u>JEFFERY R. NEUBARTH, LAW OFFICES OF JEFFERY R. NEUBARTH, 1120 NORTH FIRST</u>

<u>STREET, FRESNO, CA 93702</u>

17. Do you have any petition, appeal, or other matter pending in any court?　☐ Yes.　☒ No.　If yes, explain:

_____

_____

18. If this petition might lawfully have been made to a lower court, state the circumstances justifying an application to this court

_____

_____

I, the undersigned, say: I am the petitioner in this action. I declare under penalty of perjury under the laws of the State of California that the foregoing allegations and statements are true and correct, except as to matters that are stated on my information and belief, and as to those matters, I believe them to be true.

Date: 6/3/03

▶ *Raul Montano*
(SIGNATURE OF PETITIONER)

RAUL MONTANO

**Exhibit B**

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA**

Dept. No. re009

Date: **August 19, 2003**    Hon. LARRY J. GOODMAN, Judge    Fil Cruz, Dep.Clk.
                                                             Not Reported

| THE PEOPLE OF THE STATE OF CALIFORNIA | Counsel appearing for Plaintiff | No Appearance, Deputy District Attorney |
|---|---|---|
| Plaintiff | | |
| vs. | Counsel appearing for Defendant | |
| **RAUL MONTANO,** | | |
| Defendant | | |

Nature of Proceedings:    **EX PARTE PETITION FOR WRIT OF HABEAS CORPUS**    Case No.:    **141130**
                                                                             PFN:    **ATL129**
                                                                             CEN:    **1213419**

The defendant is not present.

The Court having reviewed the defendant's **Ex Parte Petition for Writ of Habeas Corpus**, filed on August 14, 2003, orders said motion be DENIED.

The Petition fails to state a prima facie case for relief. Petition fails to adequately explain the delay in filing or demonstrate why it is exempt from timeliness requirements. Further, Petition consists merely of counsels allegations without providing any support from the record or from verified information from outside the record.

## CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct: I am the clerk of the above-named court and not a party to this cause. I served this Minute Order regarding **Petition for Writ of Habeas Corpus** in the Matter of People vs.Raul Montano, Case No. 141130, court date August 19, 2003, by placing copies in envelopes addressed as shown below and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.


Raul Montano
c/o Jeffery R. Neubarth, Esq.
1120 North First St.
Fresno, CA  93702


Dated:8/22/2003                     Executive Officer/Clerk of the Superior Court

                                    By _Joanne Norcup_____
                                       *Joanne Norcup, Deputy Clerk*

**Exhibit C**

LAW OFFICES OF
**JEFFERY R. NEUBARTH**
LICENSED TO PRACTICE IN CALIFORNIA & NEW JERSEY



6717 MISSION STREET
SUITE E
DALY CITY, CALIFORNIA 94014
1-888-411-0050
TEL: (650) 758-1300
FAX: (650) 755-0986

Website: www.jrnlaw.com

**VIA PRIORITY MAIL**

August 24, 2005

Mr. Raul Montano
T-56993- Facility 2-7-228
C.S.P. – Solano State Prison
P.O. Box 4000
Vacaville, CA 95696-4000

**RE:**   *People v. Montano*
**Superior Court Case No. 141130**
**Petition for Writ of Habeas Corpus**

Dear Mr. Montano:

I am in receipt of your letter dated August 19, 2005 regarding the above-captioned matter. Please accept my most sincere apology for any misunderstanding made in notifying you or your family regarding same. As you know, you and I have not met, but rather this case and the referral was conducted through your family in the Fresno area. It was my understanding that the entire file had been transferred to one of your family members in either 2003 or 2004. If that was not done that I most sincerely apologize. As you now know, in January 2004, I relocated my office to Daly City, and perhaps in that transition this matter was labeled a closed file.

As to you inquiry regarding the status of the Petition for Writ of Habeas Corpus, I regret to inform you that the Writ was denied. The sequence of events regarding filing and notifications were as follows:

(1)   On July 16, 2003, the Petition for a Writ of Habeas Corpus together with the Memorandum in Support was filed in Solano County;

(2)   On August 14, 2003, the Petition for a Writ of Habeas Corpus was transferred to Alameda County;

(3)   On August 19, 2003, the Superior Court of California, County of Alameda denied defendant's Ex Parte Petition for Writ of Habeas Corpus.

● CRIMINAL DEFENSE                                          ● IMMIGRATION LAW
● PERSONAL INJURY                                          ● CIVIL LITIGATION

Page Two
August 24, 2005
Mr. Raul Montano

Accordingly, please be advised that the Writ of Habeas Corpus submitted on your behalf was denied on August 19, 2003 by the County of Alameda.

Please find enclosed your entire file in this matter which includes stamped filed copies of the following documents:

(a)     Petition for Writ of Habeas Corpus filed July 16, 2003 (with Memorandum in Support and acknowledgement letter from Solano County Courts dated July 16, 2003;

(b)     Order Transferring Petition for Writ of Habeas Corpus to Alameda County, endorsed filed August 14, 2003;

©      Decision of Hon. Larry J. Goodman, Judge, denying Ex Parte Petition for Writ of Habeas Corpus, dated August 19, 2003;

(d)     Certificate of Mailing dated August 14, 2003;

(e)     Proof of Service dated July 28, 2003;

(f)     Original copy of Change of Plea, dated Monday, May 13, 2002;

(g)     Reporter's Transcript of Proceedings on Sentence, dated Monday, June 10, 2002; and

(h)     Various correspondence concerning this case.

Once again, I am sorry for any delays in notification you have experienced in this matter.

Very truly yours,

LAW OFFICES OF JEFFERY R. NEUBARTH

By:_____
     JEFFERY R. NEUBARTH

JRN/LN
Encl.

Court Transcripts
May 13, 2002
Change-of-Plea Proceedings

F I L E D
ALAMEDA COUNTY

MAY 3 1 2002

CLERK OF THE SUPERIOR COURT
By_____
                    Deputy

1

2

3

4          IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

5              IN AND FOR THE COUNTY OF ALAMEDA

6          BEFORE THE HONORABLE JOSEPH HURLEY, JUDGE

7                    DEPARTMENT NO. 12

8                        ---oOo---

9  THE PEOPLE OF THE STATE OF CALIFORNIA,      ORIGINAL

10                       PLAINTIFF,

11  VS.                            NO. 141130

12  RAUL MONTANO,

13                       DEFENDANT.
   ------------------------------------/
14

15              RENE C. DAVIDSON COURTHOUSE
                ALAMEDA COUNTY COURTHOUSE
16                OAKLAND, CALIFORNIA

17                   CHANGE OF PLEA

18               MONDAY, MAY 13, 2002

19                       ---oOo---

20

21  A P P E A R A N C E S:

22  FOR THE PEOPLE:          JENNIFER MADDEN,
                             DEPUTY DISTRICT ATTORNEY
23
    FOR THE DEFENDANT:       LAWRENCE WARD,
24                           ATTORNEY AT LAW

25                       ---oOo---

26

27

28

```
 1    MONDAY, MAY 13, 2002                    AM SESSION

 2                   P R O C E E D I N G S

 3                        ---oOo---

 4         THE COURT:  PEOPLE VERSUS RECALL MONTANO, 141130.

 5     MY UNDERSTANDING IS WE DO HAVE A DISPOSITION, IS THAT

 6    CORRECT?

 7              MR. WARD:  YES, YOUR HONOR.

 8              MS. MADDEN:  YES.

 9         THE COURT:  IF THE DEFENDANT PLEADS TO THE LESSER

10    RELATED CHARGE OF VIOLATING SECTION 192, VOLUNTARY

11    MANSLAUGHTER, HE ADMITS THE FOUR COUNTS OF 245 OR PLEADS NO

12    CONTEST TO EACH OF THOSE ALSO, THE PEOPLE AGREE THE CHARGE OF

13    MURDER CAN BE REDUCED TO VOLUNTARY MANSLAUGHTER, THEY WILL

14    DISMISS OTHER ENHANCEMENTS, CLAUSES, THE 20001, THE DEFENDANT

15    WILL BE SENTENCED TO 15 YEARS IN STATE PRISON, CREDIT FOR TIME

16    SERVED 85 PERCENT, GET CREDIT FOR WHAT HE'S ALREADY DONE, THE

17    PEOPLE WILL STIPULATE THE 245'S ARE NOT STRIKES BUT THEY ARE

18    ASSAULT WITH FORCE LIKELY TO PRODUCE GREAT BODILY INJURY BUT

19    DO NOT FALL WITHIN THE STRIKE RANGE.

20              MS. MADDEN:  RIGHT.

21         THE COURT:  DOES THAT ACCURATELY STATE THE

22    DISPOSITION, MISS MADDEN?

23              MS. MADDEN:  YES, YOUR HONOR.  THERE ARE A FEW OTHER

24    TERMS.

25              THE COURT:  GO AHEAD.

26              MS. MADDEN:  JUST WANT MR. MONTANO TO BE AWARE HE

27    WILL BE REQUIRED PURSUANT TO PENAL CODE SECTION 296 TO GIVE

28    CERTAIN SPECIMENS OR SAMPLES, HE'LL BE WAIVING ALL APPEALS AND
```

1   MOTIONS AND ALSO BE REQUIRED TO PAY RESTITUTION AND STAY AWAY

2   FROM THE VICTIMS IN THIS CASE, AURORA RIKO GUTIERREZ AND LUIS

3   AGUILAR.

4         THE COURT:   THERE WILL BE OTHER THINGS AND THOSE I

5   GO OVER.

6      DOES YOUR CLIENT WANT TO DO THIS, MR. WARD?

7         MR. WARD:   MY UNDERSTANDING IS HE DOES, YOUR HONOR.

8            VOIR DIRE EXAMINATION BY THE COURT:

9      Q.    MR. MONTANO, YOUR ATTORNEY HAS INDICATED YOU WANT TO

10  WITHDRAW YOUR PLEA OF NOT GUILTY AND ENTER A NEW AND DIFFERENT

11  PLEA OF NO CONTEST TO A VIOLATION OF SECTION 192, VOLUNTARY

12  MANSLAUGHTER, AND FOUR COUNTS OF 245, THE ENHANCEMENTS WILL BE

13  DISMISSED, THE 20001 WILL BE DISMISSED, AND THE PEOPLE WILL

14  AGREE THE MURDER CHARGE MAY BE REDUCED TO VOLUNTARY

15  MANSLAUGHTER.   IS THAT WHAT YOU WANT TO DO?

16     A.    YES.

17     Q.    YOU UNDERSTAND A PLEA OF NO CONTEST MEANS EXACTLY

18  THE SAME THING AND HAS EXACTLY THE SAME EFFECT AS A PLEA OF

19  GUILTY IN YOUR CASE; THERE'S NO DIFFERENCE WHATSOEVER?

20  DO YOU UNDERSTAND THAT?

21     A.    YES.

22     Q.    BY PLEADING NO CONTEST, YOU'RE GIVING UP SOME

23  IMPORTANT RIGHTS.   LET ME BEGIN BY SHOWING YOU A TWO-PAGE FORM

24  WHICH TALKS ABOUT CONSTITUTIONAL RIGHTS AND THE CONSEQUENCES

25  OF YOUR PLEA.   THIS FORM HAS NUMEROUS BOXES THAT APPEAR TO

26  HAVE YOUR INITIALS NEXT TO THE INFORMATION AND THEN YOUR

27  SIGNATURE.   ARE THOSE YOUR INITIALS AND IS THAT YOUR

28  SIGNATURE?

```
1      A.    YES.

2      Q.    DID YOU READ IT ALL CAREFULLY AND HAVE IT EXPLAINED

3   TO YOU IN SPANISH AND UNDERSTAND IT BEFORE YOU INITIALED THE

4   BOXES AND SIGNED THE FORM?

5      A.    YES.

6      Q.    BEYOND THE FORM I'M GOING TO GO OVER YOUR RIGHTS

7   WITH YOU ON THE RECORD.

8      DO YOU GIVE UP YOUR RIGHT TO HAVE THE COURT ASSIST YOU IN

9   BRINGING FORTH WITNESSES AND PRODUCING EVIDENCE?

10     A.    YES.

11     Q.    DO YOU GIVE UP YOUR RIGHT TO CONFRONT AND

12  CROSS-EXAMINE WITNESSES AGAINST YOU?

13     A.    YES.

14     Q.    DO YOU GIVE UP YOUR PRIVILEGE AGAINST

15  SELF-INCRIMINATION; ALTERNATIVELY, YOUR RIGHT TO TESTIFY IN

16  YOUR OWN BEHALF?

17     A.    YES.

18     Q.    AND YOU WOULD HAVE THE RIGHT TO BRING FORTH

19  WITNESSES AND HAVE THE COURT ASSIST YOU IN BRINGING FORTH

20  WITNESSES AND PRODUCING EVIDENCE.  DO YOU GIVE THAT UP?

21     A.    YES.

22     Q.    DO YOU GIVE UP YOUR RIGHT TO HAVE A TRIAL BY JUDGE

23  OR JURY?

24     A.    YES.

25     Q.    YOU OBVIOUSLY HAVE COUNSEL, HAVE A RIGHT TO COUNSEL.

26  TO THE EXTENT YOU, AT LEAST TO MR. WARD, BUT NOT REALLY TO ME

27  AT ALL, VOICED CONCERNS, YOU'RE SATISFIED WITH MR. WARD AT

28  THIS TIME, AND YOU WANT TO GO THROUGH WITH THIS, IS THAT
```

```
 1  CORRECT?

 2      A.   YES.

 3      Q.   THE OFFENSE TO WHICH YOU ARE PLEADING NO CONTEST IS

 4  A FELONY.  THESE OFFENSES ARE FELONIES.  VOLUNTARY

 5  MANSLAUGHTER CARRIES A RANGE OF SENTENCE OF THREE, SIX OR 11

 6  AND WILL RECEIVE 11 YEARS.  THE 245 EACH CARRY A RANGE OF TWO,

 7  THREE OR FOUR.  I WILL BE GIVING YOU ONE YEAR CONSECUTIVE ON

 8  ALL OF THOSE AS PART OF THIS AGREEMENT, FOR A TOTAL OF 15

 9  YEARS IN STATE PRISON.  DO YOU UNDERSTAND THAT?

10      A.   YES.

11      Q.   THE DISTRICT ATTORNEY HAS AGREED TO THIS AND YOU

12  HAVE AGREED TO 15 YEARS.  HOWEVER, WHEN YOU ARE RELEASED YOU

13  WILL BE ON PAROLE FOR AT LEAST FIVE YEARS AFTER YOU'VE DONE

14  YOUR TIME.  YOU COULD GO BACK TO PRISON FOR A YEAR AT A TIME

15  FOR EACH PAROLE VIOLATION.  DO YOU UNDERSTAND THAT?

16      A.   YES.

17      Q.   ONE OF THESE IS A SERIOUS FELONY, WILL BE A STRIKE

18  PRIOR, VOLUNTARY MANSLAUGHTER CONVICTION.

19      STIPULATED THE OTHERS ARE NOT, MISS MADDEN, CORRECT?

20           MS. MADDEN:  YES, YOUR HONOR.

21           THE COURT:  OKAY.

22      Q.   BUT THE ONE IS, AND YOU UNDERSTAND THAT?

23      A.   YES, SIR.

24      Q.   AS A DIRECT CONSEQUENCE OF THIS PLEA, YOU WILL BE

25  REQUIRED TO PAY A RESTITUTION FINE OF AT LEAST $200 BUT NOT

26  MORE THAN $10,000.  YOU WILL ALSO BE EXPECTED TO PAY FULL AND

27  COMPLETE RESTITUTION FOR THE LOSS HERE TO EACH AND EVERY

28  VICTIM.  DO YOU UNDERSTAND THAT?
```

1      A.    I DON'T HAVE ANY MONEY.

2      Q.    WELL, YOU STILL WILL BE ORDERED TO MAKE RESTITUTION.

3   THEY MAY TAKE SOME IN JAIL EARNINGS FROM YOU, THINGS LIKE

4   THAT.    THERE ARE RULES ON HOW MUCH THEY CAN TAKE.    THEY'LL

5   HAVE THE RIGHT TO -- YOU SHOULD KNOW I WILL ORDER A FINE.    I

6   WILL ORDER RESTITUTION IN THIS CASE.    YOU WILL HAVE TO PAY OR

7   TRY TO PAY?

8      A.    YES.

9      Q.    YOU UNDERSTAND THAT?

10     A.    YES.

11     Q.    YOU'LL HAVE TO GIVE BLOOD AND SALIVA PURSUANT TO

12   SECTION 296 OF THE PENAL CODE OF THE SERIOUS FELONY.

13     WHATEVER LEGAL ISSUES EXISTED IN THIS CASE, THOSE ISSUES

14   WILL NOW GO AWAY.    YOU WILL WAIVE YOUR RIGHT TO APPEAL ANY

15   SUCH ISSUES AS PART OF THIS AGREEMENT.    DO YOU UNDERSTAND

16   THAT?

17     A.    YES.

18     Q.    YOU RETAIN THE RIGHT TO THE DEAL.    YOU DON'T GET THE

19   PROMISED DISPOSITION, YOU CAN APPEAL THAT.    THERE'S NO OTHER

20   LEGAL ISSUES YOU CAN APPEAL.    DO YOU GIVE UP YOUR RIGHT TO

21   APPEAL?

22     A.    YES.

23     Q.    I AM ABOUT TO TAKE YOUR PLEAS ON THIS, AND THEN IT

24   WILL BE VERY DIFFICULT FOR YOU TO CHANGE YOUR MIND.    THAT WILL

25   NOT EASILY HAPPEN.    THE COURT HAS THE RIGHT AT THE TIME OF

26   SENTENCE TO DECIDE I DON'T WANT TO GO THROUGH WITH THIS DEAL.

27   THE COURT RETAINS THAT RIGHT.    YOU WON'T HAVE THAT SAME

28   FLEXIBILITY.    DO YOU UNDERSTAND THAT?

```
 1              MR. WARD:  YOUR HONOR, I THINK THERE'S ANOTHER PART
 2    TO THAT.
 3              THE COURT:  WHAT?
 4              MR. WARD:  IF THE COURT CHANGES.
 5              THE COURT:  SURE.
 6         Q.   IF I CHANGE MY MIND, YOU GO BACK TO TRIAL.  YOU
 7    DON'T GET SENTENCED.  I'VE NEVER CHANGED MY MIND.  IT'S NOT
 8    GOING TO HAPPEN PROBABLY, BUT YOU DON'T HAVE TO WORRY ABOUT
 9    IT.  BUT IF I WON'T DO THIS DEAL, YOU GO BACK TO WHERE YOU'RE
10    AT.  NOW YOU HAVE A RIGHT TO A TRIAL.  YOU'RE NOT CONVICTED OF
11    ANYTHING.  BUT YOU SHOULD UNDERSTAND THE COURT ALWAYS RESERVES
12    THE RIGHT TO SAY I'M NOT GOING TO GO THROUGH WITH THE DEAL.
13    AFTER TODAY, FROM YOUR POINT OF VIEW, YOU WOULD HAVE TO GO
14    THROUGH WITH THE DEAL.  YOU UNDERSTAND ALL THAT?
15         A.   YES.
16              MS. MADDEN:  BEFORE HE ACTUALLY PLEADS, WERE YOU
17    GOING TO GO THROUGH THE IMMIGRATION CONSEQUENCES?
18              THE COURT:  AMONGST OTHER THINGS.
19              MS. MADDEN:  THANK YOU.
20              THE COURT:  Q.  IF YOU ARE NOT A CITIZEN OF THE
21    UNITED STATES, CONVICTION OF THE OFFENSE CHARGED SHALL RESULT
22    IN DEPORTATION, EXCLUSION FROM THE UNITED STATES OR DENIAL OF
23    NATURALIZATION OR AMNESTY PURSUANT TO THE LAWS OF THE UNITED
24    STATES.
25         ARE YOU ENTERING YOUR PLEA FREELY AND VOLUNTARILY?
26         A.   I DIDN'T UNDERSTAND THAT PART.
27         Q.   ARE YOU ENTERING THESE PLEAS OF NO CONTEST FREELY
28    AND VOLUNTARILY?
```

1      A.    YES.

2      Q.    HAVE THERE BEEN ANY PROMISES, THREATS OR OTHER

3  REPRESENTATIONS MADE TO YOU TO CAUSE YOU TO PLEAD NO CONTEST

4  OTHER THAN THAT WHICH HAS BEEN STATED IN OPEN COURT?

5      A.    NO.

6            THE COURT:  BOTH SIDES STIPULATE THERE'S A FACTUAL

7  BASIS FOR THE PLEA TO EACH OF THESE FIVE COUNTS?

8            MS. MADDEN:  YES, YOUR HONOR.

9            MR. WARD:  YOUR HONOR, BASED UPON THE DISCOVERY I'VE

10  RECEIVED, THE EXTENSIVE INVESTIGATION I HAVE DONE, THE HIRING

11  OF AN EXPERT, I WOULD SO STIPULATE.

12           THE COURT:  AND, COUNSEL, YOU'VE CHECKED AND

13  DISCUSSED THE IMMIGRATION ISSUES AND CONSEQUENCES THAT MAY

14  EXIST?

15           MR. WARD:  YES.

16           THE COURT:  I'LL ALLOW THE DEFENDANT TO WITHDRAW HIS

17  PLEAS OF NOT GUILTY.

18     MR. RAUL MONTANO -- BOTH SIDES STIPULATE 192 IS A LESSER

19  INCLUDED CHARGE TO COUNT 1?

20           MS. MADDEN:  YES, YOUR HONOR.

21           MR. WARD:  YES, YOUR HONOR.

22           THE COURT:  TO THE LESSER INCLUDED CHARGE IN COUNT 1

23  OF A FELONY, TO WIT, VOLUNTARY MANSLAUGHTER, VIOLATION OF

24  SECTION 192 OF THE PENAL CODE, IN THAT ON OR ABOUT JANUARY 1ST

25  2001 IN THIS COUNTY, IN THIS STATE, YOU DID THEN AND THERE

26  COMMIT VOLUNTARY MANSLAUGHTER UPON TIMOTHY O'REILLY, A HUMAN

27  BEING, TO THAT CHARGE, HOW DO YOU PLEAD?

28           THE DEFENDANT:  NO CONTEST.

```
 1              THE COURT:  TO THE FURTHER ALLEGATION IN COUNT 2
 2   THAT YOU COMMITTED A FELONY VIOLATION OF SECTION 245(A)(1) OF
 3   THE PENAL CODE, ASSAULT WITH A DEADLY WEAPON, IN THAT ON OR
 4   ABOUT JANUARY 1ST 2001 IN THIS COUNTY, IN THIS STATE, YOU DID
 5   UNLAWFULLY AND WILLFULLY COMMIT AN ASSAULT UPON THERESA MARIE
 6   STIER WITH A DEADLY WEAPON, AN AUTOMOBILE, BY MEANS OF FORCE
 7   -- I'M GOING TO JUST EXCLUDE THAT TO TALK ABOUT BY MEANS OF
 8   FORCE -- TO THE CHARGE THAT YOU COMMITTED A 245 BY MEANS OF
 9   FORCE LIKELY TO PRODUCE GREAT BODILY INJURY, TO THAT CHARGE,
10   HOW DO YOU PLEAD?
11              THE DEFENDANT:  NO CONTEST.
12              THE COURT:  TO COUNT 3, ON OR ABOUT JANUARY 1ST 2001
13   IN THIS COUNTY, IN THIS STATE, YOU COMMITTED A FELONY
14   VIOLATION OF SECTION 245(A)(1) OF THE PENAL CODE, THAT YOU DID
15   WILLFULLY AND UNLAWFULLY COMMIT AN ASSAULT UPON LUIS AGUILAR
16   BY MEANS OF FORCE LIKELY TO PRODUCE GREAT BODILY INJURY, TO
17   THAT CHARGE, HOW DO YOU PLEAD?
18              THE DEFENDANT:  NO CONTEST.
19              THE COURT:  TO THE CHARGE IN THE FOURTH COUNT YOU
20   COMMITTED A VIOLATION OF SECTION 245(A)(1) OF THE PENAL CODE,
21   ASSAULT, WITH FORCE LIKELY TO PRODUCE GREAT BODILY INJURY --
22   THIS SAYS LUIS AGUILAR AGAIN.
23              MS. MADDEN:  YES.
24              MR. WARD:  THERE WERE --
25              THE COURT:  MORE INCIDENTS.  INSTEAD OF WIDOW AND
26   THE ORPHAN?
27              MS. MADDEN:  YES, AS IT'S CHARGED.
28              THE COURT:  ALL RIGHT.  WILLFULLY AN UNLAWFULLY
```

1  COMMITTED AN ASSAULT UPON LUIS AGUILAR WITH FORCE LIKELY TO

2  PRODUCE GREAT BODILY INJURY, TO THAT CHARGE, HOW DO YOU PLEAD?

3           THE DEFENDANT:  NO CONTEST.

4           THE COURT:  OKAY.  AND BOTH SIDES STIPULATE THAT

5  THERE'S NOT ANY 654 ISSUES; IT'S NOT A MATTER OF WAIVER BUT ON

6  THE FACTS AS YOU UNDERSTAND THEM THERE ARE NOT 654 ISSUES?

7           MR. WARD:  YES.

8           MS. MADDEN:  YES.

9           THE COURT:  I WOULD SO FIND ON THE FACTS AS THEY

10  HAVE BEEN RELATED TO ME SO FAR.

11     AND THEN IN THE FIFTH COUNT IT IS FURTHER ALLEGED THAT ON

12  OR ABOUT JANUARY 1ST 2001 IN THIS COUNTY, IN THIS STATE, YOU,

13  RAUL MONTANO, VIOLATED SECTION 245(A) OF THE PENAL CODE IN

14  THAT YOU DID WILLFULLY AND UNLAWFULLY COMMIT AN ASSAULT UPON

15  LUIS AGUILAR WITH FORCE LIKELY TO PRODUCE GREAT BODILY INJURY

16  -- STIPULATION COVERS THIS COUNT ALSO -- TO THAT CHARGE, HOW

17  DO YOU PLEAD?

18           THE DEFENDANT:  NO CONTEST.

19           THE COURT:  THERE'S ANOTHER COUNT THAT WILL BE

20  DISMISSED?

21           MS. MADDEN:  YES.

22           THE COURT:  TWO MORE COUNTS.

23           MS. MADDEN:  COUNT 6 AND 7.

24           THE COURT:  MOVE TO DISMISS ALL OTHER ENHANCEMENTS

25  AND COUNTS, 6 AND 7?

26           MS. MADDEN:  YES, YOUR HONOR.

27           THE COURT:  IT HAS BEEN ASCERTAINED IN OPEN COURT

28  THE DEFENDANT UNDERSTANDS THE NATURE OF THE CHARGE, THE

1 | POSSIBLE CONSEQUENCES OF HIS PLEA, AND THE DEFENDANT,

2 | KNOWINGLY, INTELLIGENTLY, FREELY AND VOLUNTARILY HAS WAIVED

3 | HIS STATUTORY AND CONSTITUTIONAL RIGHTS AND ENTERED HIS NO

4 | CONTEST PLEA TO THE FIVE COUNTS IN THIS INFORMATION.

5 | THERE IS A FACTUAL BASIS FOR THE PLEA AS TO EACH COUNT.

6 | I FIND THE DEFENDANT GUILTY OF VOLUNTARY MANSLAUGHTER AND

7 | FOUR COUNTS OF 245(A)(1). I DO SO ON HIS STIPULATIONS BY BOTH

8 | COUNSEL, HIS NO CONTEST PLEAS, MY BRIEF EXAMINATION OF THE

9 | PRELIMINARY EXAMINATION, MY LENGTHY DISCUSSIONS IN THE CASE

10 | THAT SHOW IN HIS ANGER HE REPEATEDLY CHASED AND RAMMED WITH

11 | HIS VEHICLE THE VEHICLE OF LUIS AGUILAR TO THE POINT THAT IN

12 | MR. AGUILAR'S FLIGHT, HIS VEHICLE WAS DRIVEN INTO A THIRD

13 | VEHICLE, THAT VEHICLE HAD A HORRIBLE CRASH AFTER IT WAS HIT BY

14 | MR. AGUILAR'S VEHICLE WHICH IN TURN IN GETTING HIT BY

15 | MR. MONTANO'S VEHICLE, AND IN THAT ACCIDENT MR. TIMOTHY

16 | O'REILLY WAS KILLED. ON THESE FACTS, I FIND HIM GUILTY OF

17 | VOLUNTARY MANSLAUGHTER, FOUR COUNTS OF 245.

18 | THE DEFENDANT HAS A RIGHT TO BE SENTENCED IN 20 WORKING

19 | DAYS. DOES HE WANT TO WAIVE THAT? I SHOULD MENTION THERE'S

20 | GOING TO BE SOME PROBLEMS IF HE WAIVES TIME AND WANTS MORE

21 | THAN ABOUT FIVE WEEKS SO WE'RE LOOKING AT NINE OR TEN WEEKS.

22 | MR. WARD: MY SUGGESTION IS THAT WE DO IT WITHIN A

23 | TIME PERIOD THAT MAYBE TWO DAYS BEFORE YOU GO ON VACATION.

24 | THE COURT: FRIDAY BEFORE I GO WOULD BE JANUARY

25 | 21ST. DOES HE WANT -- JUNE 21ST.

26 | MR. WARD: WE'RE NOT GOING TO WAIVE TIME, YOUR

27 | HONOR.

28 | THE COURT: JUNE 10TH.

```
 1          MR. WARD:  COULD I ASK YOUR HONOR IF WE CAN DO IT ON
 2   JUNE 10TH EXCEPT --
 3          THE COURT:  JUNE 11TH.
 4          MR. WARD:  JUNE 12TH --
 5          THE COURT:  I CAN GIVE YOU ONE MORE DAY.
 6          MR. WARD:  WE CAN DO IT ON THE 10TH.  I JUST HAVE
 7   FOUR CO-DEFENDANT P.X. DEALING WITH DARRELL RUSSELL, THE
 8   FOOTBALL PLAYER, AND IF I COULD JUST GET IN HERE AND GET OUT.
 9          THE COURT:  WORKS FOR ME.
10          MR. WARD:  OKAY.
11          THE COURT:  R & S WOULD BE JUNE 10TH.
12       THE DEFENDANT HAS A RIGHT TO A PROBATION REPORT FIVE DAYS
13   BEFORE THE ACTUAL SENTENCE.  DO YOU WAIVE THAT, COUNSEL?
14          MR. WARD:  SO WAIVED.
15          THE COURT:  IT WOULD BE ON FOR R & S JUNE 10TH 2002,
16   9:00 O'CLOCK, THIS DEPARTMENT.  I'LL TRY TO GET IT CALLED BY
17   9:15.  THAT CONCLUDES THIS MATTER.
18
19                        ---oOo---
20
21
22
23
24
25
26
27
28
```

```
 1   STATE OF CALIFORNIA)
                        )      SS.
 2   COUNTY OF ALAMEDA  )

 3       I, AVA DUPRE BRECHT, CSR, DO HEREBY CERTIFY THAT I AM AN

 4   OFFICIAL COURT REPORTER OF THE SUPERIOR COURT

 5   OF THE STATE OF CALIFORNIA, AND THAT AS SUCH I REPORTED THE

 6   PROCEEDINGS HAD IN THE ABOVE-ENTITLED MATTER AT THE TIME AND

 7   PLACE SET FORTH HEREIN;

 8       THAT MY STENOGRAPH NOTES WERE THEREAFTER TRANSCRIBED INTO

 9   TYPEWRITING UNDER MY DIRECTION, AND

10   THAT THE FOREGOING PAGES CONSTITUTE A FULL, TRUE AND CORRECT

11   TRANSCRIPTION OF MY SAID NOTES.

12   DATED: _____5/15/02_____

13

14

15

16

17

18                      Ava Dupre Brecht

19                   AVA DUPRE BRECHT, CSR NO. 3560

20

21

22

23

24

25

26

27

28
```

Court Transcripts

June 10, 2002

Sentencing Proceedings

# ORIGINAL

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF ALAMEDA

BEFORE THE HONORABLE JOSEPH HURLEY, JUDGE

DEPARTMENT NO. 12

THE PEOPLE OF THE STATE OF CALIFORNIA,

        PLAINTIFF,

        VS.

RAUL MONTANO,

        DEFENDANT.

_____/

NO.  141130

**F I L E D**
**ALAMEDA COUNTY**

JUL 1 7 2002

CLERK OF THE SUPERIOR COURT
By _Bernedette J Silva_
               Deputy

**REPORTER'S TRANSCRIPT OF PROCEEDINGS**

**PROCEEDINGS ON SENTENCE - STATE PRISON**

RENE C. DAVIDSON
ALAMEDA COUNTY COURTHOUSE
OAKLAND, CALIFORNIA

MONDAY, JUNE 10, 2002

APPEARANCES:

FOR THE PEOPLE:            THOMAS J. ORLOFF
                          DISTRICT ATTORNEY
                          BY:  JENNIFER MADDEN
                          DEPUTY DISTRICT ATTORNEY

FOR DEFENDANT:            LARRY WARD
                          ATTORNEY AT LAW

```
 1                  MONDAY, JUNE 10, 2002 -- A.M. SESSION
 2                              PROCEEDINGS
 3                              ---000---
 4          THE COURT:  People versus Raul Montano, 141130.
 5      State your appearances for the record.
 6          MS. MADDEN:  Jennifer Madden for the People.
 7          MR. WARD:  Larry Ward representing Mr. Montano.
 8          THE COURT:  Is Raul Montano your true name?
 9          THE DEFENDANT:  (Through Interpreter) Yes.
10          THE COURT:  Are you also known as Raul Naranjo
11      Montano?
12          THE DEFENDANT:  (Through Interpreter) I'm just Raul
13      Montano, Naranjo.
14          THE COURT:  Further arraignment waived?
15          MR. WARD:  So waived.
16          THE COURT:  Defendant pled no contest and was found
17      guilty of voluntary manslaughter and two counts of 245, for
18      15 years in state prison.  And he must do at least 85 percent
19      of that time.
20          MS. MADDEN:  It was four counts of 245.
21          THE COURT:  And I said two?
22          MS. MADDEN:  Yes.
23          THE COURT:  That's right, four counts of 245.  And
24      that would be then one year consecutive is the fast way to get
25      to 15, the maximum term on the manslaughter, one year for each
26      of the 245s.  That was the plea agreement.
27          Then it is agreed, and the Court is prepared to go
28      forward with that disposition.
```

1    Either side want to be heard first?

2         MR. WARD:  No, Your Honor.

3         MS. MADDEN:  Yes, Your Honor.

4    Actually, in addition to the letters that were submitted

5    by numerous --

6         THE COURT:  Counsel, give me a minute.  I'm supposed

7    to, under new law, indicate what I'm tentatively going to do.

8         MS. MADDEN:  Okay.

9         THE COURT:  Now, I'm going to go forward and do

10   that, if there is no objection -- and there is none because

11   both of you remain silent.  I will go forward with the actual

12   sentence.

13   Since it's a plea bargain, I don't have to justify unless

14   -- I will on the repeatedly bad conduct of the Defendant.  He

15   threatened innocent people, threatened the lives of the people

16   in the car he is smashing, and other people on the road.

17   I intend to go forward and sentence him to each and every

18   one of those.  I do intend to go forward.  I have read the

19   probation report, all the attachments.  I've read numerous

20   letters that were filed with this Court last Friday evening.

21   I'm prepared to go forward pursuant to Proposition 8.

22   Does anyone want to speak on behalf of the victim?

23        MS. MADDEN:  Yes, Your Honor.  There is one person,

24   Michelle O'Reilly, who is the sister of Timothy O'Reilly, who

25   would like to say a few words to the Court.

26        MS. O'REILLY:  Your Honor, I wish to address the

27   Court today on behalf of my family and my brother, who is the

28   voiceless victim.

1    I want you to know the complete horror my family feels at
2    the loss of Tim.  He wasn't just a statistic that you read
3    about in the newspaper, or another face, or a number.  He was
4    ours and we loved him deeply.

5        Tim was stolen from us by this horrible senseless act of
6    cowardice and lack of self-control.  And now it's our family
7    that is going to live the life sentence.

8        To this day, Raul Montano has still not admitted to his
9    actions, even though all evidence presented shows his
10   undeniable involvement.

11       If I could hope for one thing, it would be that Raul
12   Montano is eaten up with guilt and remorse over his actions,
13   but even then, the depth of my sorrow, or his jail sentence,
14   will not breathe life back into my brother's lungs.

15       I do want to know that Raul has been found guilty of this
16   crime and he will have to pay his debt to society.  I want
17   Raul to know what a good and decent man he has killed.  I want
18   him to know that there is a young boy that is going to grow up
19   without his father, a wife without her husband, a mother and
20   father without their son, and a brother and sister without
21   their older brother.  As Tim's family, we now stand as the
22   victims.

23       I'm happy to say that I did spend the last day of my
24   brother's life with him at my home.  Tim and his wife Teresa
25   and his son Matthew had come to visit us on New Year's day to
26   help celebrate late Christmas with our children.  After
27   dinner, him and his family prepared to leave.  The last thing
28   I said to my brother was "drive safely."  And he was supposed

1   to call me that evening and ring the phone so I knew that they
2   got home safely.

3       The phone did ring at 10:15, but apparently it was a
4   wrong number.  I was yet to know that at 1:00 o'clock in the
5   morning I was going to receive another phone call to state
6   that my brother was dead.

7       After I was told of Tim's death, it was up to me to make
8   the most heart-wrenching phone call of my life.  I had to call
9   my parents and let them know that their first born child was
10  dead.  He was not dead by his own doing.  He was dead because
11  of somebody else's bad judgment and lack of self-control.

12      As a parent myself, to know that my parents walked with
13  this child in their arms when he was ill, and kissed his
14  boo-boos, and watched him grow and make it through
15  adolescence, and learning to drive, and watched him marry the
16  girl of his dreams and start a family of his own, and to lose
17  him in the prime of his life, my parents are devastated.  It's
18  unimaginable to them.  They could not even be present today.

19      As I placed that call to my parents at 5:13 that morning,
20  I sat on the couch holding my younger brother's hand looking
21  for strength.  And it is the sound of my mother's scream and
22  uncontrolled wailing that I wish could be on Raul Montano's
23  mind forever.  And he should have to live with the memory of
24  sounds my mother made when she realized she lost her child.

25      My life is different now.  As I've told my mother, I've
26  now become an adult.  I now call a spade a spade, as I would
27  now call Raul Montano a criminal.

28      There's a difference between someone that is law abiding

1  and someone who has no regard for the law.  A decent member of
2  society that has any sense of right or wrong does not commit
3  an act that can potentially kill somebody.

4      Where there is no regard for the law or other human life,
5  it is hard for me to believe that someone should be shown
6  mercy.  As a part of a civilized society, you realize that
7  there are penalties associated with bad judgment and lack of
8  self-control.

9      Raul Montano may not have intended on killing my brother
10  that night, but he did intend to kill somebody.  To make the
11  mistake to ram another car in a fit of rage one time is bad
12  enough, but to continue his behavior over a course of time at
13  a continually higher rate of speed is criminal.  There was
14  sufficient time for him to realize that he was going to
15  severely injure or kill somebody.

16      I know in my heart that Raul Montano knew what he was
17  doing.  Not only did he continue to cause damage to the other
18  car, which caused them to flee for their life, he caused a
19  fatal accident and was callous enough to drive away without
20  rendering aid to my brother or to his family.

21      Everything about Raul Montano screams "I have no regard
22  for the law."

23      I want to see him punished for his crime.  He has taken
24  an innocent man's life and ultimately has changed my life and
25  my family's life forever.

26      I wrote this statement on Tim's 38th birthday on
27  June 1st, and I had just come from the cemetery where I had
28  laid flowers and cards and a balloon on his grave.

1       On my drive home today, I realize the process of grief is
2    indeed a very long one.  My ability to try to understand the
3    purpose of this situation is unimaginable.  I simply cannot
4    fathom the idea that I will never see Tim again.  Every
5    holiday that goes by, every birthday of a family member and,
6    of course, every new accomplishment of his child, makes me
7    stop and wonder how this has happened to our family.  My loss,
8    as his sister, is hard enough to bear, but the loss for his
9    child is what devastates me the most.

10       I watched my brother become a real man when he became a
11    father.  He came on to his own.  He loved every breath that
12    his child took.  And when I look into the eyes of his child, I
13    see Tim.  They're a mirror image of each other.

14       And Raul Montano needs to remember that it is not him
15    that's going to have to explain to this child four times a day
16    where his dad has gone, or why they can't go back to the
17    grocery and buy his daddy back, or even better yet, to have to
18    listen to your child say, "Stop.  Don't close the car door
19    yet, Mommy.  We haven't gotten daddy in and buckled him up
20    yet."

21       This is now Teresa and Matthew's life sentence.

22       I think of coming days in Matthew's life, his first day
23    in kindergarten, riding a bike for the first time, learning to
24    read, or tie his shoe, playing sports -- which my brother
25    loved so dearly -- and, again, marrying the girl of his
26    dreams, just like his father did.

27       My brother Tim will miss out on all of that.  And worse
28    yet, Matthew will miss his father's presence.

1       As an adult, I know too well what a horrific loss this

2   child has suffered. He has yet to understand the depth of his

3   loss.

4       When I mourn for Tim, I mourn more for the life he had

5   yet to live and the things he will now miss. He was who I

6   looked up to. He was my support system. And he was the

7   unspoken leader of my family. I'm now forced to face a life

8   without his influence, love and support.

9       Your Honor, when you look at this case against Raul

10   Montano, I do hope that you look at the depth of my family's

11   wounds; the senselessness of the act; the past history of Raul

12   Montano's life and his continual lack of respect for the law.

13   He has shown his true colors. I want him punished with the

14   most severe sentence that is possible. I want his life and

15   freedom as he knows it to be taken from him as well.

16       THE COURT: You understand, Ma'am, that there is a

17   bargain. I don't have flexibility beyond that bargain except

18   to go back.

19       Under the law, the death of your brother is not more

20   severe because he's really a good person. You understand that

21   whatever motivated him to attack these other people, that gets

22   transferred. It doesn't change because it's a more innocent

23   person. In some tactical way, it may be a case that carries

24   more emotion somehow, carries more impact because an innocent

25   person was hurt. Under the law, he would be treated as if he

26   killed a person that was, in fact, having a sexual

27   relationship with his wife as the intended victim.

28       MS. O'REILLY: I understand.

1    I would have felt differently about everything had he
2    felt some remorse to stop and realize his wrongdoing, to
3    acknowledge what he has done to our family.  But he has never
4    spoken once of his guilt.

5         THE COURT:  In fairness to him, you must realize he
6    has a lawyer that will do everything he can to prevent
7    Mr. Montano from publicly doing that, because the moment he
8    publicly does that, he actually then would be making
9    admissions and confessions that could be used against him.
10   That will not occur, up to this point, in almost any case.

11        MS. O'REILLY:  That's all I had to say.

12        Thank you for your time.

13        THE COURT:  Thank you.

14        Anything else, Mr. Ward?

15        Hearing nothing else, does your client want to say
16   something?

17        MR. WARD:  Submitted, Your Honor.

18        THE COURT:  Does he want to say anything?

19        Both sides have agreed, therefore no further
20   justification is needed for the aggravated term on the
21   voluntary manslaughter conviction.

22        The Defendant is sentenced to the aggravated term of
23   11 years in prison.  He is sentenced consecutively for each of
24   the four counts of 245 to one further year, midterm of a two,
25   three, four, on the four counts that he pled no contest to and
26   has been found guilty of, for a total of 15 years in state
27   prison.

28        Credit for time served, 524 actual days?

| 1 | THE BAILIFF: Yes, Your Honor. |
| 2 | THE COURT: Is he gesturing for some reason? |
| 3 | THE DEFENDANT: (Through Interpreter) I want to |
| 4 | start my case all over again because I see my attorney isn't |
| 5 | helping me at all. |
| 6 | THE COURT: That's interesting. |
| 7 | What am I supposed to do with that, Mr. Ward? |
| 8 | MR. WARD: I've done all I could do as far as |
| 9 | representing Mr. Montano. The plea that was entered into -- |
| 10 | THE COURT: Do you want me to go forward? |
| 11 | MR. WARD: I'm asking you to go forward. |
| 12 | THE COURT: Does Mr. Montano want to say anything |
| 13 | else? |
| 14 | Am I supposed to treat that as some motion to withdraw |
| 15 | his plea? Is that what he wants? |
| 16 | THE DEFENDANT: (Through Interpreter) I'd like to |
| 17 | start the case all over again, because I know nothing about |
| 18 | the case, and I've been with this lawyer for a long time, and |
| 19 | he's never talked to me to see how things are going. |
| 20 | THE COURT: Mr. Montano, I know that to be an |
| 21 | untruthful statement, because you sat in my courtroom for a |
| 22 | substantial period of time talking with him with an |
| 23 | interpreter. |
| 24 | If you wanted to start anything over, maybe you should at |
| 25 | least hope to start that night over. Your lack of remorse is |
| 26 | disgusting. |
| 27 | Do you have any legal grounds or anything else you want |
| 28 | to say on what I'll treat as a motion to withdraw your plea? |

1    Hearing nothing else, your motion is denied.

2    I'll go forward with the sentence.

3    You're sentenced to 15 years in the state prison.

4    You're ordered to pay $20,000 in expenses to the

5    survivors of the estate of your victim, for funeral expenses,

6    and other expenses.  That's enforceable as a civil judgment.

7    The Court continues the right to order further

8    restitution or adjust it.

9    You're also ordered to pay $4,070 to the Victim

10   Compensation Board.  That is enforceable as a civil judgment.

11   You're given credit for 524 actual days plus 78 days for

12   a total of 602 days credit from the time you have been in

13   custody, which you have a right to as a matter of law.

14   Pursuant to 1202.4, you're fined an additional $200.

15   I find no ability to pay for your own incarceration.

16   Pursuant to 1202.45, you're fined an additional $500.

17   That is suspended, will remain suspended upon successful

18   completion of parole.

19   I find in light of the substantial restitution I've

20   ordered, that's the reason not to impose $200 per year.

21   Whatever money, up to the legal amount, should be going to the

22   victim, not to further fines.

23   And I realize he is not going to have any substantial

24   ability to pay except what he earns in prison.

25   Is there a hold on him, an I.N.S. hold?

26        THE BAILIFF:  Not that I show on here.

27        MS. MADDEN:  My understanding is there was a border

28   parole hold, and this was checked when we began trial.

LINDA M. HARRIS, CSR #4047

1          THE COURT:  It doesn't matter, unless you take some

2   time to clear it up, some time in the next ten years to remove

3   him from the United States.

4          The defendant is remanded to the custody of the Sheriff

5   of Alameda County.  And the Sheriff of Alameda County is

6   ordered to deliver the Defendant forthwith to the Director of

7   the Department of Corrections.

8          That concludes the matter.

9          MR. WARD:  Your Honor, may I just make one

10  statement?

11          THE COURT:  Yes.

12          MR. WARD:  Now that the sentencing has concluded, I

13  represented Mr. Montano the best I could.  Sympathy and

14  emotion for the family did not enter into my representation of

15  him.

16          I would like to take this opportunity, just personally,

17  to say that I feel very sad for the family, and I know that

18  your loss you will not be able to get over.

19          But as the attorney, I had a job to do, and the job has

20  ended.  I want to personally say, I'm very sorry.

21          THE COURT:  Thank you, Mr. Ward.

22          I think almost everyone in the courtroom feels that way.

23  Somebody dies, is taken by cancer, but somebody who just blew

24  a red light, in some ways it's just as sad.  It appears just

25  as meaningless, just as difficult.

26          My own personal outlook is that -- not in this role

27  -- but you will all see him again.  I believe that deeply.

28  And I know that as much as I know anything in life.

```
 1         Just about everything we do here in life should be taken
 2    with that realization.  It's only a temporary time here.  The
 3    important time is to come.
 4         With that in mind, I would not want to be in
 5    Mr. Montano's shoes after today, when that time comes for him.
 6         And as has been expressed, at least a little bit, part of
 7    his punishment for more than the next decade will be that he
 8    will have to live with people as unremorseful and selfish as
 9    he.  And that is the closest thing to hell on earth that I am
10    aware of, at least in this country.
11         We are done.
12              MS. MADDEN:  Thank you, Your Honor.
13              THE COURT:  Thank you.
14                  (Proceedings Concluded)
15                       ---oOo---
16
17
18
19
20
21
22
23
24
25
26
27
28
```

```
 1   STATE OF CALIFORNIA  )
                          )  ss.
 2   COUNTY OF ALAMEDA    )

 3

 4           I, LINDA M. HARRIS, C.S.R., DO HEREBY CERTIFY THAT I

 5   AM AN OFFICIAL COURT REPORTER OF THE SUPERIOR COURT OF THE

 6   STATE OF CALIFORNIA, AND THAT AS SUCH I REPORTED THE

 7   PROCEEDINGS HAD IN THE ABOVE-ENTITLED MATTER AT THE TIME AND

 8   PLACE SET FORTH HEREIN;

 9       THAT MY STENOGRAPH NOTES WERE THEREAFTER TRANSCRIBED

10   UNDER MY DIRECTION; AND THAT THE FOREGOING PAGES CONSTITUTE A

11   FULL, TRUE AND CORRECT TRANSCRIPTION OF MY SAID NOTES.

12   DATED:  JULY 8, 2002

13

14

15                      _____

16                      LINDA M. HARRIS, C.S.R.
                        OFFICIAL COURT REPORTER
17

18

19

20

21

22

23

24

25

26

27

28
```

Declaration of
Raul Montano, In Support
[C.C.P. § 2015.5]

**R A U L   M O N T A N O**
T-56993 Facility 2-12-224
C.S.P. - Solano State Prison
Post Office Box 4000
Vacaville, California 95696-4000

Petitioner **IN PROPRIA PERSONA**
**RAUL MONTANO**

## IN THE SUPREME COURT

## FOR THE STATE OF CALIFORNIA

| | |
|---|---|
| **RAUL MONTANO,** ) | **Case No.** |
| ) | |
| ) | [Habeas Case No. |
| Petitioner, ) | FCR 209219] |
| ) | |
| vs. ) | |
| ) | DECLARATION OF **RAUL** |
| **D.K. SISTO, Warden,** ) | **MONTANO,** IN SUPPORT OF |
| ) | PETITION FOR WRIT |
| a person having custody ) | OF HABEAS CORPUS |
| of petitioner, ) | |
| ) | |
| ) | [C.C.P. § 2015.5] |
| Respondent. ) | |
| ) | |

I, **RAUL MONTANO,** do hereby declare under penalty of perjury as follows:

1. That I am the above-named petitioner, **RAUL MONTANO** (hereinafter "Petitioner"), in the above-entitled matter. Petitioner is over the age of 18 years and has personal knowledge of the facts set forth below, and if called to testify, could and would competently testify as to such facts.

2. That after Petitioner appeared at his arraignment proceedings, his family retained attorney at law, Lawrence S. Ward

-1-

(hereinafter sometimes "Ward"), to represent Petitioner for all future criminal proceedings.

3. That after Petitioner was informed of the name and telephone number of his attorney, he made several telephone calls to speak with Ward concerning his case. The first time Petitioner met Ward was on May 13, 2002, at the change-of-plea hearing. At that time, Petitioner did not speak or understand English and Ward asked the court if he could used the interpreter to confer with his client. After the court granted defense counsel's motion, Ward explained to Petitioner, through the interpreter, that the state was willing to reduce the murder charge if he plead guilty to manslaughter and four counts of assault and battery. Ward further told Petitioner that in exchange for a plea of guilty, he would receive a maximum term of nine (9) years in prison. Petitioner asked Ward how much time he would spend incarcerated. Ward remarked that Petitioner would receive certain custody credits and should not do more than eight years if Petitioner remained disciplinary free while in custody.

4. That Petitioner informed Ward that if all he was going to receive as a sentence was nine (9) years, he would agree to plead guilty. However, Petitioner informed his attorney that he would prefer to go to trial if he was sentenced to a term higher than the nine (9) years. Ward assured Petitioner the deputy district attorney was in agreement with the terms described above.

5. That during the court's explanation and while the interpreter was translating the judge's remarks, Petitioner heard he was agreeing to fifteen (15) years instead of nine (9). At

-2-

that time, Petitioner turned to his attorney and asked him, through the interpreter, that he was not going to agree with fifteen (15) years. Ward notified Petitioner that the fifteen (15) year term as outlined by the court, was the most amount of time he could serve but would only receive (9) years at the sentencing hearing. As a result of Ward's representation, Petitioner plead guilty.

6. That after the change-of-plea proceedings and prior to sentencing, Petitioner made numerous telephone calls to Ward's office to discuss the plea. Petitioner was concerned because of the fifteen (15) years and wanted reassurance he was agreeing to a maximum term of nine (9) years. Ward failed to contact Petitioner and on June 10, 2002, Ward finally spoke with Petitioner through the court interpreter. At that time, Petitioner revisited the issue of the fifteen (15) years. Ward told Petitioner not to worry. During sentencing, the judge reiterated the fact that Petitioner was agreeing to a term of fifteen (15) years. Petitioner interrupted the proceedings and explained to the court that he wanted to start over again because Ward was not "helping" him at all. Petitioner made a fervent effort to explain to the court that he was told he would receive a nine (9) year sentence if he plead guilty. Ward told Petitioner to plead guilty or he could receive forty (40) plus years if he went to trial.

7. That Petitioner told the interpreter about the nine (9) years, however, the court started talking again and said he was going to sentence Petitioner to fifteen (15) years. Every time

-3-

Petitioner tried to interrupt the interpreter to speak with the judge, the interpreter told Petitioner to be quiet to avoid making an error during translation.

8. That after sentencing, Petitioner made an earnest attempt to speak with his attorney, however, Ward left immediately after the proceedings. When he [Petitioner] was transferred back to the county jail facility, Petitioner again telephoned Ward's office on several occasions, but never spoke with Ward. He called his family and learned that they were also unsuccessful in contacting Ward.

9. That after being transferred to Solano State Prison ("Solano"), Petitioner contacted his family concerning his change-of-plea and sentence. His family agreed to retain another attorney to seek redress. Attorney at law, Jeffery Neubarth ("Neubarth") was contacted and retained by Petitioner's family for the purpose of returning to trial. On July 16, 2003, Neubarth, without speaking with or contacting Petitioner, filed a state habeas corpus in the Superior Court for the county of Solano. Said court transferred the case to the Alameda County Superior Court.

10. That on August 19, 2003, the habeas application was denied. Unfortunately, neither the court or Neubarth sent the petition and/or denial to Petitioner. For that reason, Petitioner sought assistance from the inmate population at Solano. Finally, on or about the beginning August, 2005, Petitioner located a fellow inmate that spoke Spanish and had a semblance of knowledge in the law. This inmate discovered that Neubarth had relocated

-4-

his office without notifying Petitioner or his family.

11. That the inmate assisting Petitioner, finally located Neubarth in the 2005 attorney's book located in Solano's law library. A letter was written to Neubarth on August 19, 2005, requesting information as to the status of the petition he filed. Shortly thereafter on August 28, 2005, Petitioner received a letter and certain legal papers explaining that the petition had been denied on August 19, 2003. (See Exhibits C.)

12. That Petitioner does not speak, read and/or write English. The law library at Solano does not maintain law books in Spanish. As a consequence, Petitioner had to wait for further assistance concerning the claims raised in the attached petition. The inmate that assisted Petitioner had several federal and state court deadlines and could not help prepare the state habeas corpus attached hereto. Moreover, the law library clerks are not familiar with the law sufficiently to assist Petitioner with his legal quest and do not speak Spanish.

13. That as a result of the foregoing, Petitioner was unable to proceed with the attached petition and claims raised therein. Petitioner was forced to wait until the inmate that originally helped him had time to research and prepare the instant habeas. The inmate sign-in log book located at Solano's law library, will verify that Petitioner visited the institution law library seeking assistance to file papers in court. However, the clerks do not speak Spanish and are not trained in the law to draft and prepare habeas applications. As of the date of this declaration to the time Petitioner arrived at Solano, the law library has never had

-5-

legal books in Spanish outlining the procedures to follow to file a habeas corpus, or, someone that spoke Spanish to help inmates that do not speak English, and direct them concerning the law.

14. That the person that prepared the attached petition and this declaration, read and explained the contents of the petition, the Memorandum of Points and Authorities in support, and this declaration to Petitioner.

I declare under penalty of perjury, under the laws of the state of California, that the foregoing is true and correct, except for statements made on information and belief, and as to such latter statements, I believe them to be true and correct.

Executed on September 27, 2006, at Solano State Prison, in Vacaville, California.

RAUL MONTANO
Declarant/Petitioner

///
///
///
///

-6-

Exhibit B

S147142

# IN THE SUPREME COURT OF CALIFORNIA

**En Banc**

In re RAUL MONTANO on Habeas Corpus

The petition for writ of habeas corpus is denied.

George, C. J., was absent and did not participate.

SUPREME COURT
**FILED**

APR **1 8** 2007

Frederick K. Ohlrich Clerk

Deputy

**MORENO**

Acting Chief Justice

Declaration of
Service by Mail
[28 U.S.C. § 1746]

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RAUL MONTANO, | ) | Case No. |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | DECLARATION OF |
| | ) | SERVICE BY MAIL |
| D.K. SISTO, Warden, | ) | |
| | ) | |
| a person having custody | ) | |
| of petitioner, | ) | |
| | ) | |
| Respondent. | ) | [28 U.S.C. § 1746] |
| | ) | |

I, MARCOS ROGELIO JUAREZ, am a resident of the state of California, county of Solano. I am over the age of 18 years and not a party to the above-entitled matter. My prison address is: Solano State Prison, Post Office Box 4000, Vacaville, California 95696-4000. My prison identification number is: J-91449.

On August 21, 2008, I served the foregoing: Petition for Writ of Habeas Corpus, Brief and Exhibits In Support Thereof, on the United States District Court named below, by placing the original and true and correct copy thereof, in a sealed envelope with postage fully paid thereon, and delivering said envelope and above-described legal papers to a duly authorized California Corrections Officer, as prescribed and so provided for the deposit of legal mail in the United States Mail at Solano State Prison.

United States District Court
Northern District of California
Attn:  Office of the Clerk
450 Golden Gate Avenue
San Francisco, California 94102-3483

I declare under penalty of perjury, under the laws of the United States and the state of California, that the foregoing true and correct, and that this declaration was executed at Solano State Prison, in Vacaville, California.

MARCOS ROGELIO JUAREZ
Declarant

///

///

R A U L   M O N T A N O
'In Propria Persona'
T-56993 Facility 2-H-Dorm
C.S.P. - Solano State Prison
Post Office Box 4000
Vacaville, California 95696-4000

August 21, 2008

United States District Court
Northern District of California
Attn:  Office of the Clerk
450 Golden Gate Avenue
San Francisco, California 94102-3483

*E-filing*



RE:  Petition for Writ of Habeas Corpus

 V 08    4081 (PR)

Dear Sir/Madam:

Enclosed please find the following pleadings: Petition for Writ of Habeas Corpus, Brief and Exhibits In Support Thereof [28 U.S.C. § 2254].

Please calendar aforementioned at the court's earliest convenience.  Included is a S.A.S.E. for a "conformed" copy of the face sheet to be returned for my records.

I thank you in advance for your anticipated assistance in the matters and requests herein articulated.

As always, . . .


Respectfully,

~~RAUL MONTANO~~
~~Petitioner~~ In Pro Se


///

///

///